Law Offices of Vasu Vijayraghavan
Vasumathi Vijayraghavan, SBN 310372
1968 S. Coast Highway # 169
Laguna Beach, CA 92651
Phone : (619) 517-4563
Email : vvijay081@gmail.com

Plaintiff's Attorney

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Nancy Daigle,

    Plaintiff;

          Vs.

United Wholesale Mortgage, LLC,
a MI Corporation ; Tien D Nguyen;
Danielle Johnson; and DOES 1
through 10 Inclusive.

    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. :**

**COMPLAINT FOR :**

1. **Breach of Contract ;**
2. **Breach of Fiduciary Duty ;**
3. **Violation of the False Claims act 31 U.S.C. § 3729(A)(1)(A) ;**
4. **Violation of the False Claims Act 31 U.S.C. § 3729(A)(1)(B) ;**
5. **Violation of Interstate Land Sale Full Disclosure Act - 15 U.S.C. 1703 et. seq. ;**
6. **Breach of Covenant of Good Faith and Fair Dealing ;**
7. **Violation of and Unfair Business Practices, under Business & Professions Code §§ 17200 et. seq. ;**
8. **Negligence per se ;**
9. **Intentional Misrepresentation ;**
10. **Constructive Trust ;**
11. **Fraud in the Concealment ;**
12. **Fraudulent Inducement to Enter Contract ;**
13. **Negligent Infliction of Emotional Distress – Direct Victim ;**
14. **False Promise ;**
15. **Declaratory Relief ;**
16. **Rescission ;**
17. **Preliminary and Permanent Injunction;**

**[Demand for Jury Trial]**

Plaintiff Nancy Daigle ("Daigle"), an individual hereby Complains and alleges by and through her attorney, as and for Complaint against the Defendants, and hereby state and allege the following:

1.  This Complaint is brought for declaratory judgement and/or injunctive relief, as well as money damages and/or to redress the violation of and/or other tort actions by Plaintiff (hereinafter referred to alternatively as "Plaintiff" and/or "Daigle") and against the direct actions of the various Defendants, including the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and/or their agents and/or associates (hereinafter referred to alternatively as "Defendants") and against DOES 1 through 10 Inclusive. Defendants' actions are intended and calculated to exploit the goodwill that Plaintiff as a 'firs-time' home buyer of the real property (hereinafter referred to as the 'subject property' and/or 'sp' and/or 'home'), is located at 2514 S. Shelton Street, Santa Ana, CA 92707. In addition, the Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter called "Act") to enforce the Plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home ("sp"), and to recover statutory damages, reasonable attorney's fees and costs by reason of the Defendants' violations of the Act and Regulation, and among other violations and/or torts as stated herein.

## THE PARTIES

2.  Plaintiff, Nancy Daigle (hereinafter referred to as "Plaintiff" and/ or "Daigle" and/or 'Buyer' and/or 'Borrower') is an individual, resident and domicile of State of California, who real property is located within the Court's Jurisdiction. Plaintiff is a

'first-time' real property ('single-family' home) buyer, and/or 'borrower' in the State of California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant United Wholesale Mortgage LLC, a MI Corporation (hereinafter referred to as "Defendant Bank", "Bank", "UWM", and/or "Lender") is an company doing its business at multiple locations and whose business address is located at 585 South Blvd. E, Pontiac, State of Michigan ("MI"), 48341 and is domicile in the State of MI. Defendant Bank is believe to be a U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or with Federal Housing Administration (FHA) Lender, and/or hereinafter referred to as "Lender", in United States of America, including the States of Texas ("TX"), Michigan ("MI"), and California ("CA").

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant Tien D. Nguyen is a FHA Appraiser (hereinafter referred to as "Defendant FHA Appraiser", "FHA Appraiser", and/or "Appraiser") with a Certified Residential Appraiser with NO. : AR014715, and believed to be an agent of Defendant Bank and/or was hired by Defendant Bank, and is an individual licensed to conduct business in the State of California. Defendant FHA Appraiser is believe to be a U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or with Federal Housing Administration (FHA) Appraiser for the "Lender" Bank.  The Defendant FHA Appraiser has submitted and represented that the 'subject property' qualified for an FHA and/or HUD qualifications and/or regulations, and submitted the certified appraiser report, with file no. 1218188128.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant Danielle Johnson, is the 'Closer' for United Wholesale Mortgage "UWM" ("Bank"), is the 'agent', contractor, and/or representative of the Defendant Bank.

6. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership, entities named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.

7. Plaintiff is informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10 inclusive, are in some manner responsible for the wrong alleged herein, and that all times referenced each was the agent and servants of the other Defendants, whom obtained financial benefits from those Defendants acts and omissions, and each was acting within the course and scope of said agency and employment.

8. Plaintiff is informed and believe, and based thereon allege, that at all relevant times herein, Defendants and Does 1 through 10, inclusive did aid, abet, participate in, contribute to, or benefit from the acts and the behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

9. Plaintiff further allege that Defendants and DOES 1 through 10, inclusive had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## JURISDICTION AND VENUE

10. This Court has jurisdiction of this civil action pertaining to a federal issue, including but not limited to 15 U.S.C. Section 1601, 1640(g), 1703.

CIVIL COMPLAINT

11. Jurisdiction is conferred on this Court by the above statues and pursuant to 28 U.S.C. §§ 1331, 1337.  The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

12. The parties' citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. 5 1332.

13. A substantial part of the events or omissions giving rise to the action occurred in this district. 28 U.S.C. $ 139 1 (a)(,2).

14. Plaintiff asserts a claim of unfair competition and this Court has jurisdiction in so far as this action is between a citizen of different States and the matter is controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs.

15. Venue is proper in this District under 28 U.S.C. § 1391 (b), insofar as at least one defendant resides, within the meaning of  28 U.S.C. § 1391 (b), and (c), in this District or, alternatively, under 28 U.S.C. § 1391 (b), insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or under 28 U.S.C. § 1391 (b) and §1400(a), insofar as at least one defendant may be found here.

16. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## INTRODUCTION AND FACTUAL ALLIGATIONS

17. This action and/or complaint is based on the various losses and/or money damages and/or to redress the violation of and/or other tort actions by Plaintiff (hereinafter referred to alternatively as "Plaintiff" and/or "Daigle") and against the direct actions and/or activities, or violation of duty or laws, of the various Defendants, including the Defendant Bank,  Defendant FHA Appraiser, Defendant Danielle Johnson, and/or their

agents and/or associates (hereinafter referred to alternatively as "Defendants") and against DOES 1 through 10 Inclusive, and to exploit the Plaintiff as a 'firs-time' home buyer of the real property (hereinafter referred to as the 'subject property' and/or 'sp' and/or 'home'), which is located at 2514 S. Shelton Street, Santa Ana, CA 92707.

## THE APPRAISAL

18. Plaintiff is informed and believe, and based thereon allege that the Defendant Tien D. Nguyen is believed to be a FHA Appraiser (hereinafter referred to as "Defendant FHA Appraiser", "FHA Appraiser", and/or "Appraiser") with a Certified Residential Appraiser with NO. : AR014715, and believed to be an agent of Defendant Bank and/or was hired by Defendant Bank, and is an individual licensed to conduct business in the State of California.  The Defendant FHA Appraiser is believe to be a U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or with Federal Housing Administration (FHA) Appraiser for the "Lender" Bank. The Defendant FHA Appraiser has submitted and represented that the 'subject property' qualified for an FHA and/or HUD qualifications and/or regulations, and submitted the certified appraiser report, with file no. 1218188128.

19. Plaintiff is informed and believe, and based thereon allege that the Defendant FHA Appraiser has made a thorough evaluation, inspection, and investigation regarding the real property located at 2514 S. Shelton Street, Santa Ana, CA 92707 ("subject property' and/or 'sp'), and thereafter provided a 'certification' as to the 'sp' complying with and/or qualifying with, all of the various local State and Federal Codes, Statues, and Laws, and/or the various FHA and/or HUD qualifications and/or regulations.

20. Plaintiff is informed and believe, and based thereon allege that the on or about November 17, 2018, Defendant Tien D Nguyen, as a 'FHA Appraiser" for the Defendant Bank, represented that the market value of the 'sp', as 'improved' was valued at $ 605,000.00 in this present conditions, and with the 'appropriate certifications', prior to the purchase and/or closing of the 'escrow' regarding the 'sp'.

21. Attached is a true and accurate copy of the "FHA Appraisal" is identified as **Exhibit "A"**, and by this reference is incorporated herein.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendant Danielle Johnson, is the 'Closer' for United Wholesale Mortgage "UWM" ("Bank"), is the 'agent', contractor, and/or representative of the Defendant Bank, and who ensured that all of the various agreement, conditions and/or requirements in regards to the 'sp' were met.

## THE BANK LOAN

23. On or about 11/27/2018, the Plaintiff as a new first-time buyer, entered into a valid purchase agreement and/or written contract (also referred to as 'loan', 'mortgage', 'note' and/or 'policy'), related to the sale of the above-named real property ('subject property' and/or 'sp'), the Plaintiff's home, for the sum of $ 629,000.00, with the Defendant United Wholesale Mortgage LLC, a MI Corporation (hereinafter referred to as "Defendant Bank", "Bank", "UWM", and/or "Lender") is an company doing its business at multiple locations and whose business address is located at 585 South Blvd. E, Pontiac, State of Michigan ("MI"), 48341 and is domicile in the State of MI, and conducts business in the State of California. The Defendant Bank is believe to be a U.S. Department of Housing and Urban Development (hereinafter referred to as

"HUD") and/or with Federal Housing Administration (FHA) Lender, and/or hereinafter referred to as "Lender", in United States of America, including the States of Texas ("TX"), Michigan ("MI"), and California ("CA").

24. Plaintiff is informed and believe, and based thereon allege that the Defendant FHA Appraiser, serves as an agent and/or contractor of the Defendant Bank, since the Defendant FHA was hired and has 'qualified' and/or 'certified' the 'sp' for an 'loan', with a 'market value' of $ 605,000.00.

25. Plaintiff is informed and believe, and based thereon allege that the Defendant Bank represented that it had performed its 'good faith' efforts and/or duty, in appraising, and/or 'qualifying' the 'sp', prior to entering into a 'purchase agreement' and/or 'loan agreement' with the Plaintiff.

26. On or about December 04, 2018, the Plaintiff entered into a 'purchase agreement' and/or 'loan agreement' with the Defendant Bank, after the Defendant Bank hired the FHA Appraiser and claimed to 'perform' its 'good faith' efforts and/or duty in 'qualifying' the 'sp' for its meeting all of the County, State, and other requirements, including FHA and/or HUD requirements.

27. On or about December 13, 2018, the Defendant Bank, through its agent Defendant Danielle Johnson, as the 'closer' provided the "General Closing Instructions" ("GCI"), with a 'mortgage amount of $ 594,041.00 (hereinafter referred to as 'Note") with at an interest rate of 5.25% for a term of 360 with principal and interest (P&L) payment of $ 3,280.32 per month (hereinafter referred to as the 'loan' and/or 'mortgage'), with the first payment due date of 02/01/2019, and claimed that all of the County Laws, CA State Laws, and other requirements, including FHA and/or HUD requirements had

been met, and that pursuant to this "GCI" (specifically page 5 of 7, paragraph 8a) stated that "All conditions of the sales contract **must** be met prior to disbursement".

28. Plaintiff is informed and believe, and based thereon allege that the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and/or DOES 1-10, had ensured that "All conditions of the sales contract were met prior to disbursement", and that pursuant to County Laws, CA State Laws, and other requirements, including FHA and/or HUD requirements had been met, since the Plaintiff from 02/02/2019 to the present has been timely paying the 'mortgage', as agreed upon.

29. Plaintiff is informed and believe, and based thereon allege that the Defendant Bank the Defendant FHA Appraiser, Danielle Johnson, and DOES 1-10, had fully complied with the various requirements, including but not limited to the County Laws, CA State Laws, and other requirements, including FHA and/or HUD requirements, at the 'closing' of the 'loan' and/or 'mortgage' of the 'sp', and prior to the signing the contract and/or agreement (also referred to as the 'loan') and/or the Deed of Trust, that was recorded as an security "Lien", against the 'sp'.

30. Plaintiff is informed and believe, and based thereon allege that the Plaintiff entered into the contract and/or agreement (also referred to as 'note' and/or 'loan' and/or 'mortgage'), and thereafter secured by a "Deed of Trust" recorded as a lien against the 'sp', of which is a consumer credit transaction (hereafter referred to as 'loan', 'note', 'mortgage' and/or 'transaction') with Defendant Bank, in which the extended consumer credit was subject to a finance charge5 and which was initially payable to Defendant.

31. On or about 12/04/2018, through Everest Escrow, located at 1260 Corona Pointe Court, Suite 101, Corona CA 92879, Theresa Silveria (Escrow Officer) "Closed" the escrow, and distributed the various funds to all of the interested parties regarding the 'sp', including the seller KMC Investment Corp., with Escrow File No. 03-7347-TS and Loan No. : 1218188128.

32. Attached is a true and accurate copy of the "United Wholesale Mortgage" ("UWM") "General Closing Instructions", is identified and marked as **Exhibit "B"**, and by this reference is incorporated herein.

33. Attached is a true and accurate copy of the "Deed of Trust" is identified as **Exhibit "C"**, and by this reference is incorporated herein, and serves as the 'mortgage' evidenced of the Defendant Banks' security interest.

34. As part of this consumer credit transaction, the Defendant retained a security interest in the 'subject property' ('sp'), which is Plaintiff's home (a 'first-time' home buyer).

35. From the "Closing" of Escrow, the Plaintiff is the legal lawful owner of the 'sp'.

36. Plaintiff is informed and believe, and based thereon allege that Defendant Bank is a U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or Federal Housing Administration (hereinafter referred to as "FHA") "Lender", who has 'qualified' the 'sp' as meeting all of the various County Codes, State Codes and/or Laws, and that of the HUD and/or FHA "appraisal" requirements.

37. Plaintiff is informed and believe, and based thereon allege that Defendant Bank is a U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or Federal Housing Administration (hereinafter referred to as "FHA") "Lender", who has 'qualified' the 'sp' as meeting all of the various County Codes,

State Codes and/or Laws, and that of the HUD and/or FHA 'handbook' and/or 'single-family' policy ('handbook') requirements, and/or referred to as the HUD and/or FHA regulations and/or 'regulations'.

38. Plaintiff is informed and believe, and based thereon allege that Defendant Bank is a U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or Federal Housing Administration (hereinafter referred to as "FHA") "Lender", who has 'qualified' the Plaintiff as a 'first-time' buyer.

## HUD and/or FHA PROPERTY REQUIREMENTS

39. Plaintiff is informed and believe, and based thereon allege that there are U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or Federal Housing Administration (hereinafter referred to as "FHA") mandatory requirements that apply to real property pursuant to CA Laws and/or Statues, in order to protect the 'public' and/or real property ('home') buyers and/or 'borrowers'.

40. Plaintiff is informed and believe, and based thereon allege, that in additional to the borrower qualifications, the real property ('home') itself **must** meet 'certain' mandatory requirements, before a 'borrower' can qualify for an FHA Loan and/or FHA 'mortgage' (hereinafter referred to as "Loan" and/or "Mortgage"), and includes but not limited to the following :

    (a) The 'loan' must be for a principal residence, and at least one borrower must occupy the property within 60 days of closing ;

    (b) The real property, can't be an investment property ;

    (c) An FHA appraisal, includes a **strict inspection**, assessing the real property ('home') not only on value, but also on minimum property standards ;

(d) The real 'property' ('house' / 'home') cannot be purchased within 90 days of a prior sale ;

(e) The 'borrower' must take title to the property in one's own name ; and

(f) The "appraisal" requirements for the real 'property' ('house' / 'home'), must be met.

41. Plaintiff is informed and believe, and based thereon allege, that in additional to 'borrower qualification(s)' and for the "FHA property requirement(s)', the FHA Lender and/or Defendant Bank have **mandatory** requirements, including but not limited to the following :

(a) In order to use an FHA loan, both the borrower and property **must** meet certain criteria, as identified in the FHA 'handbook' and/or 'single-family' policy ('handbook') ;

(b) the property **must** and/or have to satisfy the FHA home requirements set by the Department of Housing and Urban Development, or "HUD" ;

(c) The FHA insures the loan, but a 'lender' makes the final decision whether to hand over the money and/or 'loan' the funds, and can determine what specific qualifications it requires ;

(d) FHA home requirements state that FHA-approved 'property' and/or 'home' **must** be safe, sound and secure, to qualify for an FHA 'loan' ;

(e) All property ('homes') are held to HUD's "<u>minimum</u> property requirements," and 'new construction' **must** also meet the agency's "minimum property standards" ; and

(f) FHA property rules **ensure** that the real property ('home') is **structurally sound, livable, and worth** at least as much as the 'loan' and/or 'mortgage'.

42. Plaintiff is informed and believe, and based thereon allege, that the full list of FHA loan requirements is published in a handbook more than 1,000 pages long, that is in the HUD and/or FHA 'single-family' policy (hereinafter identified in the HUD 'handbook' and/or FHA 'handbook' and/or 'handbook'), and also referred herein as the HUD and/or FHA 'program rules', and also referred to as the HUD and/or FHA regulations and/or 'regulations'.

43. Plaintiff is informed and believe, and based thereon allege, that the HUD and/or FHA 'single-family' policy (hereinafter referred to as the 'handbook'),  includes but not limited to the following :

(a) The foundation **must** be structurally sound ;

(b) Water must drain away from the foundation

(c) Utilities, including water, sewage, heat and electricity, must be turned on during appraisal ; .

(d) All appliances must function properly ;

(e) Water pressure must be adequate, with hot and cold water available ;

(f) Paint cannot be chipping, peeling, flaking or otherwise defective ;

(g) Electrical outlets and switches **must** function properly ;

(h) Windows must open, close and lock ;

(i) Roofing cannot leak and must have at least two years of life remaining ;

(j) Attics and crawl spaces must have vents and be free from damage ; and

(k) The property **must** be reasonably free from environmental hazards, odors and excessive noise.

44. Plaintiff is informed and believe, and based thereon allege, that the FHA appraiser will look at the interior, exterior and surrounding land to determine the real property ('home') value and ensures the home meets **All mandatory** FHA home requirements and/or HUD home requirements, that is identified in the HUD and/or FHA 'single-family' policy ('handbook'), and as referred to as the HUD and/or FHA 'regulations' and/or 'regulations'.

45. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, are insured and/or meet the FHA 'mortgage insurance'.

46. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, FHA Appraiser, Defendant Danielle Johnson and other DOE Defendants and/or DOES 1-10, comply with all of the CA Laws and/or all HUD and/or FHA 'single-family' policy ('handbook') and/or mandatory requirements.

47. Plaintiff is informed and believe, and based thereon allege, that the False Claims Act protects the Plaintiff and/or 'borrower' for improperly originating and underwriting mortgages insured by the Federal Housing Administration (FHA).

48. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, who participate in the FHA mortgage insurance

program act in good faith and conduct appropriate due diligence, when committing the United States to insure home loans.

49. This claim and/or complaint by the Plaintiff is also to "protect the housing market and the FHA fund' in part, and to hold responsible the Defendant Bank as a FHA Lender, the Defendant FHA appraiser, the Defendant Danielle Johnson as the 'closer' for the Defendant Bank, and/or other DOE defendants, that knowingly violate the rules and/or requirements, that in part have been identified herein, as FHA and/or HUD 'regulations'.

50. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA appraiser, and/or other DOE defendants, knowingly allowed, and/or caused the 'loan' submission to be approved for the 'subject property', also referred to as the underwritten FHA-insured loan, in less than full compliance with the various CA Statues, mandatory requirements, and/or CA Laws.

51. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank, FHA Appraiser, Defendant Danielle Johnson and other DOE Defendants and/or DOES 1-10, have focused on growth and profits and ignored quality, and the various State of CA and/or Federal Statues, mandatory requirements, and/or CA Laws, when it applies to the 'sp'.

52. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, are committed to comply with the HUD and/or FHA fiduciary duties, guidelines, requirements, and/or policies.

53. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, have been in violation of interstate land sale and full disclosure and/or with the various FHA and/or HUD mandatory requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations').

54. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, have an ongoing pattern of acts and/or actions, which there is liability and/or responsibility, when there is a failure of non-compliance with the various HUD and/or FHA fiduciary duties, guidelines, requirements, and/or policies.

## FAILURE OF SUBJECT PROPERTY MANDITORY REQUIREMENTS

55. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10 (collectively referred to as "Defendants"), all charged the Plaintiff for their professional services, with a promise that the 'sp' had in fact meet all of the County, State and/or Federal structural and construction standards, requirements, and/or codes, as required by State and Federal Laws, including but not limited to the FHA and/or HUD standards and/or requirements, when the Plaintiff signed the 'loan' or 'mortgage' contracts and/or agreements ('documents'), and/or when the 'sp' was sold to the Plaintiff.

56. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10 (collectively referred to as "Defendants"), all pushed for the sale of the 'sp' to the Plaintiff.

57. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10 (collectively referred to as "Defendants") all profited from the sale of the 'sp' to the Plaintiff.

58. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, did <u>not</u> inform the Plaintiff of those facts and/or information that were vital, important, and/or relevant regarding the 'sp', including but not limited to the fact that the 'sp' did not meet all of the structural and construction statutory, legal, CA State and/or Federal Requirements and Standards, when the Plaintiff signed the 'loan' or 'mortgage' contracts and/or agreements ('documents'), and/or when the 'sp' was sold to the Plaintiff.

59. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, knew and/or should have known and/or disclose those facts and/or information that were vital, important, and/or relevant regarding the 'sp', including but not limited to the fact that the 'sp' did not meet all of the structural and construction statutory, legal, CA State and/or Federal Requirements and

Standards, when the Plaintiff signed the 'loan' or 'mortgage' contracts and/or agreements ('documents'), and/or when the 'sp' was sold to the Plaintiff.

60. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, all charged the Plaintiff for their professional services, with a promise that the 'sp' had in fact meet all of the County, State and/or Federal structural and construction standards, requirements, and/or codes, as required by State and Federal Laws, including but not limited to the FHA and/or HUD standards and/or requirements, when the Plaintiff signed the 'loan' or 'mortgage' contracts and/or agreements ('documents'), and/or when the 'sp' was sold to the Plaintiff.

61. Plaintiff only recently discovered that the 'sp', had within various 'toxic' substances, including but not limited to 'mold' within its walls and/or floors.

62. Plaintiff only recently discovered that the 'sp', has had various structural, and construction, statutory violations and legal, CA State and/or Federal Requirements and Standards were not met, when the Plaintiff signed the 'loan' or 'mortgage' contracts and/or agreements ('documents'), and/or when the 'sp' was sold to the Plaintiff.

63. Plaintiff only recently discovered that the 'sp' various 'new' construction in violation, pursuant to the County, State and/or Federal structural and construction standards, requirements, and/or codes, as required by State and Federal Laws, including but not limited to the FHA and/or HUD Standards and/or Requirements, when the Plaintiff signed the 'loan' or 'mortgage' contracts and/or agreements ('documents'), and/or when the 'sp' was sold to the Plaintiff.

64. Plaintiff only recently discovered that the 'sp', had various 'structural' defects and/or toxic substances within its floors and/or walls, causing ongoing health and financial losses.

65. As a direct result of these various 'structural' defects and/or toxic substances within the 'sp' walls and/or floors, including but not limited to 'mold', the Plaintiff was forced to expose herself, her friends, her associates, her family, dog, and personal property to such exposures, causing ongoing losses and damages.

66. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, acted in concert and/or from a pattern of conspiracy with consumer, the Plaintiff as a first-time home buyer, in order to push through the sale of the 'sp', despite the various 'structural' defects and/or toxic substances within its floors and/or walls, all in violation of County, State, and Federal Codes, Statues, and/or Laws.

67. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, acted individually and in concert to defraud the Plaintiff, for their unjust enrichment. Plaintiff has been directly damaged by the Defendants various act(s), action(s) and/or conduct.

68. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, deprived the Plaintiff of the honest services of officials in their industry.

69. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, scheme to defraud Plaintiff began from the date of the 'loan' and continues to the present.

70. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, act(s), action(s), conduct, and/or scheme was not discovered by Plaintiff until these Defendants' fraudulent concealment contributed to Plaintiff's delayed discovery.

71. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, concealment of their act(s), action(s), conduct(s), and/or scheme made it impossible for Plaintiff to know the details of the many act(s), action(s), conduct, and/or scheme, many believed to be unlawful, of which violated County, State, and/or Federal Laws.

72. Plaintiff is informed and believe, and based thereon allege, that the Defendant FHA Appraisal remained the actual source of facts and/or information for the Defendant Bank, prior to entering into the contract and/or agreement (also referred to as "note", 'loan', and/or 'policy'), regarding the 'sp'.

73. Plaintiff is informed and believe, and based thereon allege, that the Defendant Danielle Johnson remained the actual source of facts and/or information for the Defendant Bank, prior to entering into the contract and/or agreement (also referred to as "note", 'loan', and/or 'policy'), and the closure of 'escrow' regarding the 'sp'.

74. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, conduct substantially affected interstate commerce.

75. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, have a long-term business and/or contractual relationship with Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10.

## FIRST CAUSE OF ACTION
### (Breach of Contract)
### (Against Defendant Bank and DOES 1-10)

76. Plaintiff DAIGLE, re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all Causes of Action(s) in this Complaint, inclusive, as if set forth herein at length.

77. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank entered into a contract with Plaintiff and that with the U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or with Federal Housing Administration (FHA) for the 'loan' and/or 'mortgage', it endorsed for HUD / FHA mortgage of the 'sp', and promised to comply with the various FHA and/or HUD mandatory requirements, that are in part identified herein, as the program rules and/or handbook.

78. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank entered into a contract with the Plaintiff when it established the 'mortgage' and/or 'loan' of the 'subject property' ('sp' and/or 'home'), the Defendant

Bank endorsed for the FHA mortgage of the 'sp', and promised to comply with the various FHA and/or HUD mandatory requirements, that are in part identified herein, as the program rules and/or handbook.

79. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank entered in the contract with Plaintiff, herein referred to as the 'loan' and/or 'mortgage', and of which was endorsed for by a FHA mortgage insurance.

80. Under the terms of the contract, in committing FHA and/or HUD mandatory requirements in regards to the HUD and/or FHA 'single-family' policy ('handbook'), and/or 'Program Rules', the Defendant Bank represented it complied with, and obligated it itself to comply with, FHA and/or HUD mandatory requirements (pursuant to the "handbook" and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

81. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank breached its obligation by failing to comply with these various FHA and/or HUD requirements (pursuant to the "handbook" and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

82. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank breached its obligations by failing to comply with these various FHA and/or HUD requirements (pursuant to the "handbook" and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

83. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank breach caused the Plaintiff to enter into a contract for 'mortgage' and/or 'loan' payments on the 'sp', based on the its representation that all of the various FHA and/or HUD requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements had been met.

84. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank breach caused Plaintiff to make the 'mortgage' and/or 'loan' payments under a false pretense that the 'sp' had complied with all of the various FHA and/or HUD requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, otherwise Plaintiff was not obligated to make such 'mortgage' payments.  Specifically, the Defendant Bank contributed and/or caused Plaintiff to enter into a 'mortgage' contract and make a monthly 'mortgage' and/or 'loan' payments, based on the pretense that the Defendant Bank had complied with and/or endorsed that the various FHA and/or HUD mandatory requirements regarding the 'sp' had been met - which represented compliance with the various requirements for FHA and/or HUD, including, but not limited to origination, underwriting, endorsement, and quality control requirements --by originating, underwriting, endorsing, and insuring loans for FHA and/or HUD mortgage, and  insurance, that failed to comply with the various FHA and/or HUD mandatory requirements, as stated in part herein.

85. These various FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement,

quality control, and/or other requirements, were all material as they led the Plaintiff to enter into a 'mortgage' and/or 'loan' contract with the Defendant Bank, and make timely monthly 'mortgage' payments toward and/or for the 'sp', all of which are current as to the filing of this complaint and/or claim.

86. As a result of these breaches, Plaintiff had paid 'mortgage' and/or 'loan' payments toward the 'sp' and/or HUD has paid insurance, and as a direct result of the Defendant Banks breach has incurred losses, relating to in part, FHA-insured loans wrongfully endorsed by and/or failure to fully comply with the various FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements by Defendant Bank.

87. The Plaintiff to date has fully complied with all of the obligation to make the 'mortgage' and/or 'loan' payments toward the 'sp'.

88. Plaintiff is informed and believe, and based thereon allege, and contends that had the Defendant Bank has not fully complied with its obligation in regards to the various FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements.

89. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments,

interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

90. As a direct result of Defendant Bank, and DOES 1-20, each of them, willful acts of breach of contract, breach of fiduciary duty, violation of interstate land sale and full disclosure and/or with the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations') as described herein, Plaintiff has suffered substantial damage, at an amount to be proven at trial.

91. The Defendant Bank, and DOES 1-10, and each of them, various acts and/or breach of, have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensate by monetary damages alone, and Plaintiff is therefore entitled to injunctive relief, restraining Defendants, and their respective officers, agents, and employees, and all persons acting in concert with them, from their wrongful conduct(s), and request that this court issue an injunction to stop the 'mortgage' and/or 'loan' payments and/or not limited to the 'stay' of the mortgage payments, to limit Plaintiff ongoing losses and/or irreparable damages.

92. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused the Defendants to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

93. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank and DOES 1-10, made misrepresentation and/or omissions of material

fact, concerning the 'sp' and that the 'sp' qualified for a HUD and/or FHA insured 'loan' and/or mortgage, and that it met all of the mandatory 'requirements' and conditions, a therefore the 'sp' market value was that of $ 605,000.00.

94. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank and DOES 1-10, made the foregoing misrepresentations and/or omissions of material fact with the full knowledge and expectation that the Plaintiff would rely on said representations, which were a material and critical part of Plaintiff's consideration of the risk and determination to purchase and/or enter into a contract and/or agreement, and issue a 'mortgage' of which the Plaintiff was obligated to pay monthly.

95. Plaintiff justifiably relied on these various representations made by Defendant Bank and DOES 1-10, and entered into a contract and/or agreement, and agreed upon a monthly 'mortgage' payment for the 'sp'.

96. If the true facts had been known, Plaintiff would not have entered into a contract and/or agreement with the Defendant Bank and agreed upon a monthly 'mortgage' payment for the 'sp'.

97. Therefore, Plaintiff is entitled to a declaration that the Plaintiff's contract and/or agreement (identified as the 'note') and/or the recorded "Deed of Trust" of which serves as a lien against the 'sp', with the monthly mortgage 'Policy' (also referred to as "Note" and/or "Loan") is rescinded and void *ab initio*. Plaintiff also is entitled to an Order permitting it to return to the Defendant Bank the premium paid in connection with the 'Note', 'Loan', and/or 'Policy' of the 'sp'.

CIVIL COMPLAINT

98. Plaintiff seeks 'rescission' of the transaction, contract, agreement, and/or 'loan', and the termination of the security interest of Plaintiff's home, the 'sp', that was created under the transaction.

99. Plaintiff seeks return and/or monetary compensation for any money, including interest paid by Plaintiff to anyone, including the Defendants, in connection with this transaction.

100. Plaintiff also seeks compensation and/or a declaration that the 'contract' and/or 'agreement' (collectively referred to as 'loan', 'note' and/or 'policy' made with the Defendant Bank that was issues and secured by the "Deed of Trust" of the 'sp', was issued in reliance upon material misrepresentations and/or omissions of fact and that, consequently, Plaintiff is entitled to rescind the 'policy' as void *ab initio*.

101. Plaintiff seeks compensation and/or a declaration that it is not obligated to pay for the 'mortgage' and/or 'loan' for the 'sp', in connection with any all and all claims stemming from the various act(s) and/or actions by these various Defendants and DOES 1-10.

102. Plaintiff also seeks compensation and/or a declaration that there is an entitlement to reimbursement in full of all of the 'mortgage' and/or 'loan' payments made to the Defendant Bank, including the interest payment according to proof.

103. The Plaintiff is further entitled to recovery from Defendant Bank and DOES 1-10, the damages Plaintiff has sustained and will sustain, treble pursuant to 15 U.S.C. § 1117(a), and any and all gains, direct and indirect profits and advantages obtained by Defendants as a result of Defendants' violation of 15 U.S.C. § 1125. At present, the

amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but are believed to exceed $ 1,000,000.00.

104.  The Plaintiff is further entitled to statutory exemplary and/or punitive damages, pursuant to the Defendant Band and DOES 1-10, each of them, willful acts of breach of contract, breach of fiduciary duty, violation of interstate land sale and full disclosure and/or with the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations') as described herein.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (Against Defendant Bank, Defendant FHA Appraiser,
### Defendant Danielle Johnson, and DOES 1-10)

105.  Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

106.  Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as a U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or with Federal Housing Administration (FHA) Lender, and the Defendant Bank along with its agents, Defendant Danielle Johnson are both a fiduciary of HUD and/or FHA and therein owes HUD and/or FHA fiduciary duties, as identified in part herein.

107.  Plaintiff is informed and believe, and based thereon allege, and contends that Defendant FHA Appraiser is a fiduciary with real property valid valuation and/or of

HUD and/or FHA and therein owes HUD and/or FHA fiduciary duties, as identified in part herein.

108. A fiduciary relationship is "any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party.

109. As a fiduciary of HUD and/or HUD, the Defendant Bank as FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, all have a duty to act for, give advice, and ensure that all mandatory requirements were complied with the various HUD and/or FHA requirements, for the benefit of HUD and/or FHA, and as to whether particular loans should be endorsed for FHA insurance under the DE Program.

110. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as FHA Lender , Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, for the Plaintiff, and in behalf of the U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or with Federal Housing Administration (FHA), Defendant Bank is a fiduciary to the Plaintiff, in order to enforce that the various HUD and/or FHA requirements have been complied with, and therein owes the Plaintiff and HUD and/or FHA fiduciary duties, as identified in part herein.

111. As a fiduciary of the Plaintiff and for HUD and/or FHA, the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE Defendants and/or DOES 1-10, all owe Plaintiff and HUD and/or FHA, a duty to act with good faith, candor, honesty, integrity, fairness, and fidelity in their dealings with the

Plaintiff and HUD and/or FHA. These duties require, among other things, that the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them : (1) refrain from making misrepresentations to Plaintiff and HUD and/or FHA ; (2) make full and fair disclosures of all material facts to Plaintiff and HUD and/or FHA, in regards to the 'subject property' ("sp"); and (3) use reasonable care to avoid misleading facts and/or ensure that all mandatory requirements of HUD and/or FHA are complied with and/or that no acts are not being abused pursuant to the Plaintiff's trust and HUD and/or FHA's trust. Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and/or other DOE defendants all **must** therefore exercise integrity, prudence, candor, and due diligence on behalf of the Plaintiff, and HUD and/or FHA, when endorsing loans for pursuant to FHA insurance, among other duties, in reviewing the 'sp' and/or loans for quality control purposes, and any potential submitting claims, when there in not compliance.

112. As set forth above, Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson and other DOE defendants and/or DOES 1-10, all breached their fiduciary duties to the Plaintiff and FHA and/or HUD.

113. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, should have performed their due diligence, and looked at the interior and exterior of the 'sp', and also of the surrounding land to determine the real property ('home' and/or 'sp') various structure(s), County and CA State Laws in regards to the "sp" were complied with, and therefor the value of the 'sp' were valid,

and to <u>ensures</u> the 'sp' ("home") meets **All mandatory** FHA home requirements and/or HUD home requirements, that is identified in the County and State Laws and/or Statues, and that of the HUD and/or FHA 'single-family' policy ('handbook').

114. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, are insured and/or meet the FHA 'mortgage insurance'.

115. Plaintiff is informed and believe, and based thereon allege, that the False Claims Act protects the Plaintiff and/or 'borrower' for improperly originating and underwriting mortgages insured by the Federal Housing Administration (FHA).

116. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, all participate in the FHA mortgage insurance program, and all should act in good faith, and conduct appropriate due diligence, when committing the Plaintiff to purchase and/or insure the home loan.

117. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, promised to comply with the various County and CA Laws and with the various FHA and/or HUD mandatory requirements, that are in part identified herein, as the program rules and/or handbook.

118. Plaintiff is informed and believe, and based thereon allege, that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other

DOE defendants and/or DOES 1-10, breached their duty when they failed to comply with these various promises.

119. Plaintiff is informed and believe, and based thereon allege, and contends that when Defendant Bank entered into a contract with Plaintiff and with the U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") and/or with Federal Housing Administration (FHA) for the 'loan' and/or 'mortgage', they endorsed for HUD / FHA mortgage of the 'sp'.

120. Plaintiff is informed and believe, and based thereon allege, and contends that after the Defendant Bank entered into a contract with the Plaintiff in order to establish the 'mortgage' and/or 'loan' of the 'subject property' ('sp' and/or 'home'), the Defendant Bank breached their fiduciary duty, after endorsing with the FHA mortgage of the 'sp', and therein breached this duty when they promised to comply with the various FHA and/or HUD mandatory requirements, that are in part identified herein, as the program rules and/or handbook.

121. Plaintiff is informed and believe, and based thereon allege, and contends that that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, all breached their duty, after the Plaintiff entered into the 'loan' and/or 'mortgage' of the 'sp', and of which was endorsed for by a FHA mortgage insurance.

122. Under the terms of the contract and/or agreements, in committing FHA and/or HUD mandatory requirements in regards to the HUD and/or FHA 'single-family' policy ('handbook'), and/or 'Program Rules', these Defendants, including the Defendant

Bank as a FHA Lender, Defendant FHA appraiser, Defendant Danielle Johnson, and/or other DOE defendants, all breached their duty.

123. Plaintiff is informed and believe, and based thereon allege, and contends that that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and/ other DOE defendants and/or DOES 1-10, all breached their duty, when they failed in the representation to comply with FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

124. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as a FHA Lender, Defendant FHA appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, all breached their duty with its obligation(s), by failing to comply with the various FHA and/or HUD requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

125. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, all breached their duty breach caused the Plaintiff to enter into a contract for 'mortgage' and/or 'loan' payments on the 'sp', based on the its representation that all of the various FHA and/or HUD requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its

origination, underwriting, endorsement, quality control, and/or other requirements had been met.

126. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, all breached their duty breach caused Plaintiff to make the 'mortgage' and/or 'loan' payments under a false pretense that the 'sp' had complied with all of the various FHA and/or HUD requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, otherwise Plaintiff was not obligated to make such 'mortgage' payments. Specifically, the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, all breached their duty and contributed to and/or caused Plaintiff to enter into a 'mortgage' contract and make a monthly 'mortgage' and/or 'loan' payments, based on the pretense that these Defendant(s), including the Defendant Bank had complied with and/or endorsed that the various FHA and/or HUD mandatory requirements regarding the 'sp' had been met - which represented compliance with the various requirements for FHA and/or HUD, including, but not limited to origination, underwriting, endorsement, and quality control requirements --by originating, underwriting, endorsing, and insuring loans for FHA and/or HUD mortgage, and insurance, that failed to comply with the various FHA and/or HUD mandatory requirements, as stated in part herein.

127. These various FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting,

CIVIL COMPLAINT

endorsement, quality control, and/or other requirements, were all material as they led the Plaintiff to enter into a 'mortgage' and/or 'loan' contract with the Defendant Bank, and make timely monthly 'mortgage' payments toward and/or for the 'sp', all of which are current as to the filing of this complaint and/or claim.

128. As a result of these various breaches, Plaintiff had to pay the 'mortgage' and/or 'loan' payments toward the 'sp' and HUD insurance, and as a direct result of these Defendant(s) breach, Plaintiff has incurred losses, relating to in part, FHA-insured loans wrongfully endorsed by and/or failure to fully comply with the various FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements by Defendant Bank.

129. Plaintiff is informed and believe, and based thereon allege, and contends that had the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson and other DOE defendants and/or DOES 1-10, all fully complied with its obligation with the various FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, Plaintiff would not have incurred the various losses and/or damages, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

130. As a direct result of Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them, willful acts of breach of contract, breach of fiduciary duty, violation of

interstate land sale and full disclosure and/or with the various FHA and/or HUD mandatory requirements pursuant to the "handbook" and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations') as described herein, Plaintiff has suffered and will continue to suffer substantial damage, at an amount to be proven at trial.

131. The Defendant Bank, as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them, various acts and/or breach of, have also caused Plaintiff irreparable damages, many of which are ongoing injury of a nature that may not be compensate by monetary damages alone, and Plaintiff is therefore entitled to injunctive relief, restraining Defendants, and their respective officers, agents, and employees, and all persons acting in concert with them, from their wrongful conduct(s), and request that this court issue an injunction to stop the 'mortgage' and/or 'loan' payments and/or not limited to the 'stay' of the mortgage payments, to limit Plaintiff ongoing losses and/or irreparable damages.

132. The Plaintiff is further entitled to recovery from Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, the Plaintiff's damages should be sustained and will sustain, treble pursuant to 15 U.S.C. § 1117(a), and any and all gains, direct and indirect profits and advantages obtained by these Defendants as a result of Defendants' violation of 15 U.S.C. § 1125. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but are believed to exceed $ 1,000,000.00.

133. The Plaintiff is further entitled to statutory exemplary and/or punitive damages, pursuant to the Defendant Band as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them, willful acts of breach of contract, breach of fiduciary duty, violation of interstate land sale and full disclosure and/or with the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations') as described herein.

134. As a result of these breaches, Plaintiff has suffered losses and/or damages to be determined at trial.

135. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, various representation(s), and/or duties caused the Defendants to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

136. Due to these various Defendant's acts in part as identified herein, all of which have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensate or measured by monetary damages alone, and Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury in such wrongful conduct and is therefore entitled to injunctive relief.

137. Furthermore, by engaging willingly in the wrongful conduct described herein, Defendant Bank as a FHA Lender, Defendant FHA appraiser, Defendant Danielle Johnson, and  other DOE defendants and/or DOES 1-10, are believed to have acted

maliciously, falsely, and/or oppressively, in conscious disregard of Plaintiff's rights and/or interests. Consequently, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants according to proof at trial.

138. Since these Defendants have acted willfully and with a conscious disregard of Plaintiffs' rights and/or interests, the Plaintiff is also entitled to an award of punitive and or exemplary damages, in amount of at least $ 500,000.00 according to proof.

### THIRD CAUSE OF ACTION
### (Violation of the False Claims Act 31 U.S.C. § 3729 (a)(1)(A))
### (Against Defendant Bank, Defendant Danielle Johnson, and DOES 1-10)

139. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

140. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank,  Defendant Danielle Johnson, and DOES 1-10, violated the **False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**, by knowingly presenting and causing to be presented to HUD and/or FHA, false and/or fraudulent insurance payment(s) and/or based on the misrepresentation that the 'sp' complied with the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations') as described in part herein.

141. Specifically, the Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, caused false claims for FHA and/or HUD insurance payments to be made -which represented compliance with the various requirements for FHA and/or HUD insurance and/or various FHA and/or HUD mandatory requirements pursuant to the "handbook'

and/or 'program rules' or 'rules'),   including, but not limited to origination, underwriting, endorsement, and quality control requirements regarding the 'sp' and/or by originating, underwriting, endorsing, and insuring loans for FHA and/or HUD mortgage insurance for the 'sp', that failed to comply with the various FHA and/or HUD requirements, as identified in part herein.

142. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, these false claims for FHA and/or HUD mortgage insurance payments and/or in violation of the various FHA and/or HUD mandatory requirements pursuant to the "handbook" and/or 'program rules' or 'rules') were material as they led the Plaintiff and/or the US Government to make payments that, absent the falsity, the Plaintiff and/or the US Government would not have made.

143. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, through its agents and/or senior management, had actual knowledge that these claims and/or Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank and DOES 1-20, were false, ignored, and/or acted with deliberate ignorance, willful or reckless disregard as to their falsity as evidenced or requirements, in part, by the facts described herein above.

144. As a result of the false claims caused by the Defendant Banks, Defendant Danielle Johnson's and/or DOES 1-10, improper practices and/or actions, during the appraisal or Lending Period, the Plaintiff was damaged by making various payments toward the

'loan' and/or mortgage', insurance, and/or other costs, it would have otherwise not been required to make in an amount to be determined at trial.

145. By engaging in the various wrongful conduct(s) and/or in not enforcing that the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules' were complied with, as described herein and above, Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, and each of them, which merits an award of treble damages, costs, and attorney's fees against Defendants, and each of them.

146. The Defendant Banks, Defendant Danielle Johnson, and DOES 1-10, acts and conduct(s), has caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages, however damages in amount of at least $ 1, 000,000.00. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless the Defendant Bank is restrained and enjoined from continuing to engage in such wrongful conduct.

147. The Plaintiff is entitled to treble damages plus a civil penalty for each violation of the False Claims Act.

## FORTH CAUSE OF ACTION

### (Violation of the False Claims Act 31 U.S.C. § 3729(A)(1)(B))

### (Against Defendant Bank, Defendant Danielle Johnson, and DOES 1-10)

148. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

149. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, violated the **False Claims Act, 31 U.S.C. § 3729(a)(1)(B)**, by knowingly presenting by knowingly

making, using, or causing to be made or used, false records, or statements : (i) material to false, misrepresented, or fraudulent claims for payment(s), statement(s) and/or representation(s) to HUD and/or FHA; and/or (ii) in order to get false or fraudulent claims paid or allow the loan for the 'sp'; and (iii) which claims the Plaintiff and/or the United States did pay and/or and by causing to be presented to HUD and/or FHA, for the false and/or fraudulent insurance payment(s) and/or based on the misrepresentation(s) that the 'sp' complied with the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations'), as described in part herein.

150. Specifically, the Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, caused false claims for FHA and/or HUD insurance payments to be made -which represented compliance with the various requirements for FHA and/or HUD insurance and/or various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules'),   including, but not limited to origination, underwriting, endorsement, and quality control requirements regarding the 'sp' and/or by originating, underwriting, endorsing, and insuring loans for FHA and/or HUD mortgage insurance for the 'sp', that failed to comply with the various FHA and/or HUD requirements, as identified in part herein.

151. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, these false claims for FHA and/or HUD mortgage insurance payments and/or in violation of the various

FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') were material as they led the Plaintiff and/or the US Government to make payments that, absent the falsity, the Plaintiff and/or the US Government would not have made.

152. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, through its agents and/or senior management, had actual knowledge that these claims and/or Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, were false, ignored, and/or acted with deliberate ignorance, willful or reckless disregard as to their falsity as evidenced or requirements, in part, by the facts described herein above.

153. As a result of the false claims caused by the Defendant Banks, Defendant Danielle Johnson's and/or DOES 1-10, improper practices and/or actions, during the appraisal or Lending Period, the Plaintiff was damaged by making various payments toward the 'loan' and/or mortgage', insurance, and/or other costs, it would have otherwise not been required to make in an amount to be determined at trial.

154. By engaging in the various wrongful conduct(s) and/or in not enforcing that the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') were complied with, as described herein and above, Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, and each of them, which merits an award of treble damages, costs, and attorney's fees against these Defendants, and each of them.

155. The Defendant Banks, Defendant Danielle Johnson, and DOES 1-10, acts and conduct(s), has caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages, however damages in amount of at least $ 1, 000,000.00.  Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless the Defendant Bank is restrained and enjoined from continuing to engage in such wrongful conduct.

156. The Plaintiff is entitled to treble damages plus a civil penalty for each violation of the False Claims Act.

## FIFTH CAUSE OF ACTION

### (Violation of Interstate Land Sale Full Disclosure Act - 15 U.S.C. 1703 et. seq.)
### (Against Defendant Bank, Defendant Danielle Johnson, and DOES 1-10)

157.  Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

158.  Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, violated the Interstate Land Full Disclosure Act, 15 U.S.C. 1703(a)(1) Failure to Comply with Registration and Disclosure Requirements).

159.  Under and pursuant to the definitions and interpretation of the Interstate Land Sales Full Disclosure Act (sometimes hereinafter referred to as "ILSFDA" or the "Act"), the Defendant Bank and DOES 1-10, are believed to be loan entity and/or developers, which is defined in 15 U.S.C. Section 1701(5) of the Act, as "any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any (real 'property' and/or) lots in a subdivision", of real property ('sp').

160. Under and pursuant to the definitions and interpretation of the Act, the Defendant Bank, Defendant Danielle Johnson, and DOES 1-10 (collectively, the "Defendants"), are deemed agents for the developers and/or loan entity, which is defined in 15 U.S.C. Section 1 701(6) of the Act as "any person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision", or real property.  These Defendant Bank and/or DOES 1-10, represented or acted for or on behalf of the Defendants, and each of them, in selling, leasing, or offering to sell the 'sp'.

161. The sale of the 'sp' by the Defendant(s) to Plaintiff who purchased the 'sp', as more particularly alleged hereinabove, was a prohibited sale as defined in 15 U.S.C. Section 1703(a)(1). The Defendant and DOES 1-10, were required to comply with the registration and disclosure requirements of 15 U.S.C. Section 1703(a)(1)(B),(C and (D) before selling the 'sp' to the Plaintiff.  Said Defendant failed to comply with the registration and disclosure requirements as alleged hereinabove.

162. Pursuant to 15 U.S.C. 1703(a) of the Act, the Defendant(s) were prohibited from making use of any means of instruments of transportation or communications and interstate commerce, or the mails in connection with the sale of any real property unless a printed property report meeting the requirements of the ILSFD, HUD, and/or FHA and was furnished to a purchaser in advance of the signing of the contract or agreement for sale by the purchaser, the Plaintiff.  Plaintiff allege that the Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, and each of them, violated the Act(s) in a manner consistent with the requirements under the 15 U.S.C. Section

1701(8) and 15 U.S.C. Section 1703(a) of the Act.  The sale of the 'sp' was not exempt pursuant to 15 U.S.C. Section 1 702(b)(1) of the Act.

163. The Plaintiff who executed agreement was to purchase the 'sp', has thereafter demand damages against the Defendant Bank, Defendant Danielle Johnson, and DOES 1-10, and each of them, including but not limited to rescission of the contract of purchase, the return of the principal amount of any payments made to defendants, interest, court costs, and reasonable amounts for attorney's fees pursuant to 15 U.S.C. Section 1709(C) of the ILSFDA.

164. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10 (collectively "Defendants"),  violated the Interstate Land Full Disclosure Act 15 U.S.C. Section 1703(d)(3) - right of revocation).

165. The sale of the 'sp' by the Defendants to Plaintiff, who purchased the 'sp', as more particularly alleged hereinabove, was a prohibited sate as defined in 15 U.S.C. Section 1703 (a). The Defendants were required to comply with the registration and disclosure requirements of 15 U.S.C. Section 1703(a)(1)(B),(c) and (D) before selling the 'sp' to Plaintiff.  Said Defendants a failed to comply with the registration and disclosure requirements as alleged hereinabove.

166. Pursuant to 15 U.S.C. 1703(a) of the ILSFDA, the Defendants were prohibited from making use of any means of instruments of transportation or communications and interstate commerce, or the mails in connection with the sale of any real property unless a printed property report meeting the requirements of ILSFDA is furnished to a purchaser in advance of the signing of the contract or agreement for sale by the

purchaser. Plaintiff allege that the Defendants violated the ILSFDA in a manner consistent with this paragraphs requirements under the ILSFDA. 15 U.S.C. Section 1701(8) and 15 U.S.C. Section 1703(a) of the ILSFDA. The sales of the condominiums were not exempt pursuant to 15 U.S.C. Section 1702(b)(1) of the ILFSDA.

167. The sale of the 'sp' by the Defendants to the Plaintiff, who purchased the 'sp', as more particularly alleged hereinabove, was a prohibited sale as defined in 15 U.S.C. Section 1703(d)(3).  The contracts entered into between Defendants and the Plaintiff who purchased the 'sp', fail to provide required terms and conditions, and/or for the return of Plaintiff monies and/or losses, as identified in part herein.

168. Pursuant to 15 U.S.C. Section 1703(d)(3)(A)(B), Defendants failure to provide language in the contract for such a refund is a violation of the ILSFDA. Such a violation allows for Plaintiff the option to revoke the contract for a period of up to two (2) years after execution of the contract.

169.  Pursuant to 15 U.S.C. Section 1703(d)(3)(A)(B) said Plaintiff hereby exercise its rights to revoke the subject contract and a return of all monies paid by him under such contract.

170. The Plaintiff demand damages against Defendants, and each of them, including but not limited to revocation of the contract of purchase, interest, court costs, and reasonable amounts for attorney's fees pursuant to 15 U.S.C. Section 1709 (c) of the ILSFDA.

171. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank, Defendant Danielle Johnson, and DOES 1-10 (collectively

"Defendants"), violated the Interstate Land Full Disclosure Act, 15 U.S.C.

1703(a)(2)(A)(B)(C)- the sale of condominiums while employing a device, scheme or artifice to defraud, deceit and untrue statements of material fact).

172. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendants, each engaged in activities prohibited by 15 U.S.C. § 1703(a)(2) in that the Defendants named in this Cause of Action have engaged in prohibited acts as set forth in that Section, which include the use of sales practices, loan, and/or development of the 'sp',  which were misleading to the Plaintiff, the purchaser in that such practices and/or contained the aforementioned misrepresentations of material facts and untrue statements, and/or operated as a fraud or deceit upon the Plaintiff, the purchaser.

173. Plaintiff is informed and believe, and based thereon allege, and contends that these Defendants utilized interstate commerce and the mails for the purpose of using the registration requirements of HUD as an artifice and device to obtain money of Plaintiff all in violation of ILSFDA as alleged herein.

174.  Plaintiff alleges that these Defendants and DOES 1-10, failed to disclose and willfully suppressed the true fact(s) regarding the 'sp', as identified herein.

175. Plaintiff further alleges that Defendants initially failed to comply with the disclosure requirements of 1LSFDA and HUD and/or FHA.  After selling the 'sp' to the Plaintiff, the Defendants and each of them, continued to fail to comply with the requirements and/or disclosure requirements of ILSFDA and HUD and/or FHA.

176. Plaintiff, not knowing the true facts of the violations of ILSFDA and the HUD requirements and believing the representations of these Defendants as true, signed and executed the "contract", and/or loan and/or 'mortgage'.

177. The actions by these Defendants as alleged hereinabove is in violation of 15 U.S.C. Section 1703(a)(2)(A), (B) and (c) and sought to utilize the disclosure requirements of ILSFDA in this deceitful manner so as to secure the payments by the Plaintiff, the buyers.

178. As such, Plaintiff is entitled to damages against these Defendants in accordance with 15 U.S.C. Section 1709(a).

179. The Plaintiff demand damages against these Defendants, and each of them, including but not limited to rescission of the contract of purchase, the return of the principal amount of any payments made to these Defendants, interest, court costs, and reasonable amounts for attorney's fees pursuant to 15 U.S.C. Section 1709(C) of the ILSFDA.

180. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank, Defendant Danielle Johnson, and DOES 1-10 (collectively "Defendants"), made false and misleading descriptions or representation of fact to the Plaintiff and failed to fully comply with the various FHA and/or HUD mandatory requirements pursuant to the "handbook" and/or 'program rules' or 'rules', prior to the contractual agreement and/or purchase, and the closing of 'escrow'.

181. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing)**

**(Against Defendant Bank, Defendant FHA Appraiser,**

**Defendant Danielle Johnson, and DOES 1-10)**

182. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

183. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them (collectively herein referred to as Defendants), as the legal owner of the 'subject property' ('sp') expected to benefit from her purchase relationship with Defendants and each of them, and expected, without limitations, including but not limited to that -

(a) Defendants would give the Plaintiff all relevant and pertinent actual facts and/or information of the true 'condition' of the 'sp', and all times ensure that the 'sp' had complied with all local statues and/or laws, and that the various HUD and/or FHA mandatory conditions and/or requirements were met, prior to the 'close' of escrow and/or the signing of the 'loan' and/or mortgage commitment and/or prior to the sale or purchase of the 'sp';

(b) Defendants would, at all times act in 'good faith', and perform all duties, obligation, and/or actions, in accordance within their professional practices, and perform the terms of those agreement(s), without harm to the Plaintiff, while performing those duties as promised ;

(c) Defendants would at all times ensure that the 'sp' had complied with all local statues and/or laws, and that the various HUD and/or FHA mandatory conditions

and/or requirements were met, prior to the 'close' of escrow and/or the signing of the 'loan' and/or mortgage commitment and/or prior to the sale or purchase of the 'sp';

(d) Defendants would do no harm and/or damages to Plaintiff, while performing all of the duties, obligation and/or actions, during the course of its professional obligation ; and

(e) Defendants would not conceal and/or omit any facts, prior to the 'close' of escrow and/or the signing of the 'loan' and/or mortgage commitment and/or prior to the sale or purchase of the 'sp'.

184. In every contract and/or agreement there exists an implied covenant of good faith and fair dealing that states that each party to the agreement will perform the terms of the agreement in good faith and will not do anything to prevent the other party to the contract from being able to perform or from performing.

185. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them (collectively herein referred to as Defendants) did these acts to deprive the Plaintiff of the various benefits of the contract and/or agreements, and to cause the Plaintiff harm and injury. Plaintiff has been injured and/or suffered damages, as alleged in an amount that exceeds $ 1,000,000.00, in an amount to be proven at trial.

186. Plaintiff is informed and believe, and based thereon allege, and contends that Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them (collectively

herein referred to as Defendants) did these acts maliciously and oppressively, and with the intent to cause injury, such that the Plaintiff is entitled to an award of punitive damages.

187. Since these Defendants and DOES 1-10, and each of them, acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless these Defendants, and DOES 1-10, and each of them, are restrained and enjoined from continuing to engage in such wrongful conduct(s).

188. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused these Defendants to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

189. By engaging in conduct(s), act(s) and/or action(s) as identified herein above, the Defendants and DOES 1-10, and each of them, breached the covenant of good faith and fair dealing which caused Plaintiff to suffer actual damages in a sum of excess of $ 1,000,000.00, that will be proven at the time of trial.

190. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**

(Violation of and Unfair Business Practices, under

Business & Professions Code §§ 17200 et. seq.)

(Against Defendant Bank, Defendant FHA Appraiser,

Defendant Danielle Johnson, and DOES 1-10)

191.  Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation

set forth in all above paragraphs of this action, as if set forth herein at length.

192.  California Business and Professions Code, §§ 17200, et seq. prohibits persons from

engaging in "any unlawful, unfair or fraudulent business act or practice and unfair,

deceptive, untrue or misleading advertising," and was designed to protect competitors

and consumers from illegal, fraudulent, and "unfair" business practices.

193.  Plaintiff is informed and believe, and based thereon allege, and contends that the

Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle

Johnson, and other DOE defendants and/or DOES 1-10, and each of them (collectively

"Defendants") named in this cause of action, and each of them, have engaged in

fraudulent, deceptive, unfair, and other wrongful conduct, all as alleged hereinabove,

which allegations are incorporated herein by reference as if set forth at length. Further,

in committing the acts of unfair business practices, Defendants, and each of them

named in this cause of action engaged in violations of the Interstate Land Sales Full

Disclosure Act, as is further outlined within this Complaint, and which allegations are

incorporated herein by this reference.

194. Plaintiff is informed and believe, and based thereon allege, and contends that  the

challenged conduct(s) were "unfair" in that it deceived the Plaintiff was provided with

and relied upon the false information in the context of the construction, marketing,

and/or sale of the 'sp' to the Plaintiff, and that the Defendants named in this cause of action, and each of them, disseminated, communicated, and transmitted to the Plaintiff such false information which allegations are incorporated herein by reference, and the Plaintiff relied upon the recent construction, marketing, and sale as described hereinabove.

195.  Plaintiff entered into the purchase agreement, contract, and/or 'mortgage' for the 'sp', all in direct reliance upon the false misrepresentations made by and/or on behalf of these Defendants as hereinabove alleged.

196.  The Plaintiff has suffered actual and substantial injury as a result of the aforesaid reliance on such misrepresentations in that the Plaintiff paid substantial sums of monies in payments toward the purchase of the 'sp', including the load and/or mortgage, and the Plaintiff has suffered personal loss as a result of said conduct(s) on the part of the Defendants, and each of those named in this cause of action.

197.  These Defendants each have received substantial sums of monies as a direct result of the Defendants' inducing the Plaintiff, individually and/or in concert, to enter into purchase agreements for the 'sp', who received substantial monetary payments and all of which are subject to proof at time of trial.

198.  In addition to the substantial monetary loss suffered by the Plaintiff resulting from the acts of these Defendants as alleged herein, for which Plaintiff seek restitution, pursuant to the remedial provisions of §§ 17200. et seq., the Plaintiff has suffered an actual injury in the form of worry, upset and emotional distress, and have lost money or property as a result of the Defendants' acts constituting unfair business practices as defined in California Business and Professions Code, §§ 17200, et seq.

199. By reason of these Defendants' fraudulent, deceptive, unfair, and other wrongful conduct(s) as herein alleged and incorporated herein, said Defendants have violated California Business and Professions Code, §§ 17200, et seq., by consummating an lawless, unfair, and fraudulent business practice, designed to deprive the Plaintiff of substantial sums of money.

200. By reason of the foregoing, the Plaintiff has suffered and continue to suffer damages in a sum according to proof, but at a minimum in the amounts Plaintiff has paid for deposits, and/or monthly loan and/or mortgage payments according to proof, and the Plaintiff ask that this Court make an Order that the Defendants return all of Plaintiff's deposits, and loan and/or mortgage payments, interests, and including other losses, which were thus wrongfully obtained and/or caused by the Defendants' acts / actions, as identified herein.

201. California Business and Professions Code, § j17203 provides that this Court may enjoin the acts of unfair competition, as described by and within the Act, and that this Court may make such orders or judgments, including, the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Pursuant to that grant of power, Plaintiff ask this Court to grant such Orders and Judgment which would restore Plaintiff's property which these Defendants obtained by the Defendants various acts of unfair and/or wrongful actions, and for such further Orders as the Court may deem appropriate in order to do justice.

202. As described above, Defendants' acts and/or duty, and otherwise exploiting Plaintiff's 'first time buyer' status, and limited experience in a purchasing a real property, has caused damages, pursuant to proof at trial.

203. Defendant's acts and conduct in violation of California Business and Professional Code § 17200 and 17500 et seq., have caused and will continue to cause Plaintiff's irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in great and irreparable injury and damages. The harm sustained as a result of Defendants', and each of them including DOES 1-10 inclusively, wrongful act cannot be adequately compensated or measured in damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless these Defendant and DOES 1-10, and each of them, are restrained and enjoined from continuing to engage in such wrongful conduct.

204. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants' and DOES 1-10, to cease this unfair activities and/or acts, as well as disgorgement of all of Defendants and DOES 1-10, profits associated with this unfair practices, and a request to 'stay' the monthly mortgage payments, in the interest of justice.

205. By the reason of the foregoing, Plaintiff is entitled to an injunction to restrain Defendants' from engaging in such further conducts. Plaintiff is also entitled to restitution from Defendants and each of them, to compensate the Plaintiff for injury sustained as a result of these Defendants' various lawless and/or wrongful acts and conduct(s), as identified herein.

206.  Since these Defendants' have acted willfully and with a conscious disregard of Plaintiff's rights, Plaintiff is also entitled to an award of punitive and exemplary damages, according to proof.

207.  As a direct result of these Defendants' various actions and/or conduct(s), Plaintiff has suffered substantial damage, in an amount to be proven at trial.

208.  Since these Defendants' various acts and/or action(s) have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless these Defendants' and DOES 1-10, each of them, are restrained and enjoined from continuing to engage in such wrongful conduct(s).

209.  Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (Negligence per se)
### (Against Defendant Bank, Defendant FHA Appraiser,
### Defendant Danielle Johnson, and DOES 1-10)

210. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

211.  Plaintiff is informed and believe, and based thereon allege, and contends that at all times relevant hereto, when the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants  and DOES 1-10, and each of them (collectively "Defendants") made the misrepresentations to Plaintiff, and the Defendants had no reasonable basis for believing these matters to be true, and the Defendants acted in a negligent manner and below the standard of care for licensed professionals, acting in similar circumstances.

212.  Plaintiff is informed and believe, and based thereon allege, and contends that at all times relevant hereto, when these Defendants and DOES 1-10 had a duty to perform all of the contracts, promises, and/or legal obligations to Plaintiff and Plaintiff's property (real and personal), and the value of Plaintiff's life.  This duty included avoiding and/or causing un-necessary harm to Plaintiff, in any manner.

213.  Plaintiff is informed and believe, and based thereon allege, and contends that at all times relevant hereto, when these Defendants DOES 1-10, and each of them various acts and/or conducts caused the damages to Plaintiff, Plaintiff's 'sp' and/or Plaintiff personal property, thereby a total loss to Plaintiff, in an amount to be determined at trial.

214. As a direct and proximate result of the breach of these Defendants' duties to conduct(s) a reasonable and proper investigation prior to their contract and/or loans to the Plaintiff to purchase the 'sp', the Plaintiff has been damaged in amounts subject to proof at the time of trial.

215.  Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the

Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### (Intentional Misrepresentation)
### (Against Defendant Bank, Defendant FHA Appraiser,
### Defendant Danielle Johnson, and DOES 1-10)

216.  Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

217.  Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and/or other DOE defendants  and DOES 1-10, and each of them (collectively herein referred to as "Defendants") represented to the Plaintiff that the 'sp' was in full compliance of the local County and State Codes, Statues and/or laws, and that the various mandatory FHA and/or HUD requirements in regards to the HUD and/or FHA 'single-family' policy ('handbook'), and/or 'Program Rules', as identified herein had been complied with.

218.  Plaintiff is informed and believe, and based thereon allege, and contends that these various Defendants' and DOES 1-10, and each of them, all made these various agreements, promises and representation, in order to have the Plaintiff purchase the 'sp' and therein sign the loan, and/or 'mortgage' agreements.

219.  Under the terms of the contract and/or agreements (i.e. 'promise'), made in with the representation of complying with the various County and State Laws and/or

committing with the purported FHA and/or HUD mandatory requirements, in regards to the HUD and/or FHA 'single-family' policy ('handbook'), and/or 'Program Rules', these Defendants, including the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson and other DOE defendants and/or DOES 1-10, and each of them have all violated their promise, their agreement and/or contract, and the various breach of their prescriptive duty.

220.  Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and/or other DOE defendants  and DOES 1-10, and each of them (collectively herein referred to as "Defendants"), knowingly and intentionally misled Plaintiff by failing to disclose and/or omitted that there was complete and/or thorough investigation regarding the 'sp' and that the 'sp' in fact did not fully satisfy the various County, State, and/or Federal building Statues, and/or FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

221. Plaintiff is informed and believe, and based thereon allege, and contends that that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, intentionally concealed these various information, facts, and/or lack of requirements as it applied with the 'sp', as identified in part herein.

222. Plaintiff is informed and believe, and based thereon allege, and contends that that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle

Johnson, and other DOE defendants and/or DOES 1-10, all gave the Plaintiff false and intentional representation and therein breached their duty, when each and every one of these representations were false, and these Defendants knew or should have known that they were false at the time they were made, individually and/or in concert.

223. Plaintiff is informed and believe, and based thereon allege, and contends that that these Defendants' and DOES 1-10, failed in the representation, when they did not comply with FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

224. Plaintiff is informed and believe, and based thereon allege, and contends that these Defendants' and DOES 1-10, all gave false and intentional representation and also breached their duty with its obligation(s), by failing to comply with the various FHA and/or HUD requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

225. Plaintiff is informed and believe, and based thereon allege, and contends that these Defendants and DOES 1-10, with the intent to defraud and/or make a 'false promise' to Plaintiff, and in an effort to induce the Plaintiff to enter into the agreement for the purchase of the 'sp', as identified hereinabove, acted to deceive the Plaintiff in the manner and by the misrepresentations and statements which are identified and set forth hereinabove, and which are incorporated herein by reference. Said representations included, but were not limited to the matters previously alleged hereinabove in the previous paragraphs of this Complaint.

226. Plaintiff is informed and believe, and based thereon allege, and contends that at all times relevant hereto, when these Defendants and DOES 1-10 made the misrepresentations to Plaintiff, and these Defendants had no reasonable basis for believing these matters to be true, and the Defendants acted in a malicious and/or negligent manner and below the standard of care for licensed professionals, acting in similar circumstances.

227. Plaintiff is informed and believe and thereon allege that at the time these representations and/or these various Defendants' and DOES 1-10 and each of them, willful failure to disclose and/or Defendants' suppression of information and/or false statements were/was made as alleged hereinabove, Plaintiff were ignorant of the falsity of defendants' representations and were unaware that they were being deceived, and believed the statements  and representations being made by said Defendants' were true and accurate.

228. Plaintiff is informed and believe, and based thereon allege, and contends that these various Defendants' and DOES 1-10, and each of them, were aware of the true facts concerning the interests of the principal parties and/or the falsity of their claims as loan parties, appraisers, and/or developer, the true participation of their respective roles in the 'sp', and all other matters relative to and effecting the value and viability of the 'sp'.  Said Defendants failed to disclose and concealed the true facts to the Plaintiff.

229. Plaintiff is informed and believe, and based thereon allege, and contends that at the time these various Defendants' and DOES 1-10, and each of them, intended that

Plaintiff would rely on the various representation and identified herein, and the Plaintiff did in fact reasonable rely on them.

230.  However, these various Defendants' never intended to perform these promises, despite the fact that they knew and intended that plaintiffs would rely on them.

231.  Plaintiff is informed and believe, and based thereon allege, and contends that at the time these various Defendants' and DOES 1-10, and each of them, failure to disclose the various information, facts, and/or lack of requirements in regards to the 'sp', was material because Plaintiff relied upon the honest professional services of these Defendants' and DOES 1-10, and each of them, in the conduct of its business and/or official capacity.

232.  Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and/or other DOE defendants  and DOES 1-10, and each of them (collectively herein referred to as "Defendants"), act(s) and/or conduct(s) has directly, legally, and proximately caused and continues to cause injuries to Plaintiff.

233.  Plaintiff reasonably relied on these various Defendants' false promise, agreements, and/or contracts, and the various representations made, as identified herein.  When these various Defendants' did not perform as promised, Plaintiff suffered damage both in the form of the loss of the 'subject property', ongoing damages and in the form of monetary harm, and those other damages, including exemplary damages, all in an amount to be proven at trial, but in excess of this Court's jurisdiction.

234. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused these Defendants' to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

235. As a result of this reasonable reliance, Plaintiff has suffered damage both in the form Complaint of the loss of here property, the 'loan' payments and interests, and the damage to the personal property, and other losses in the form of monetary harm, in an amount to be proven at trial, but in excess of this Court's jurisdiction.

236. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and/or other DOE defendants  and DOES 1-10, and each of them (collectively herein referred to as "Defendants"), act(s) and/or conduct(s) were willful, wanton, malicious, and oppressive.

237. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

238. In doing the acts alleged here, these various Defendants acts and/or acted with malice, oppression, and fraud (as defined under Civ. Code § 3294(c)), thereby warranting the award of punitive damages against them.

### **TENTH CAUSE OF ACTION**
#### **(Constructive Trust)**
#### **(Against Defendant Bank and DOES 1-10)**

239. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

240. This is an actions seeking equitable redress for the Defendant Bank as a FHA Lender, and other DOE defendants,  and DOES 1-10, and each of them (collectively herein referred to as "Defendants") various course of conduct(s) and/or action(s) as identified herein, in regards to the 'loan' payments and/or the 'mortgage' of the 'sp'.

241. A constructive trust is an equitable remedial device by which a court adjudges specific restitution of a received benefit. Constructive trusts may be imposed when a defendant has acquired legal title to property or money under such circumstances that he or she may not in good conscience retain the beneficial interest in the property, and in such a situation, equity converts the legal titleholder into a trustee holding the title for the benefit of those entitled to the ownership thereof.

242. A constructive trust should be imposed for the purpose of preventing unjust enrichment by these Defendant(s) for the loss of use and the value of the use of the land.

243. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank as a FHA Lender, and other DOE defendants, and DOES 1-10, and each of them (collectively herein referred to as "Defendants") will gain unconscionable advantage in the retention of the income from the Plaintiff's property ('sp') if they do not compensate the Plaintiff for the various harm, damage, and/or financial losses as the result of the various actions by these Defendants.  A constructive trust should be imposed to prevent unjust enrichment. It is against equitable principles to use the land without payment.

244. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank as a FHA Lender, and other DOE defendants, and DOES 1-10, and each of them (collectively herein referred to as "Defendants") have been enriched by not reimbursing the Plaintiff from the financial damages and/or of the 'sp', including the loss of the value of the 'sp' and/or from the 'loan' and/or 'mortgage' paid, including the interest, from the various actions as stated herein.

245. Plaintiff is informed and believe, and based thereon allege, and contends that as a proximate result of the Defendants and DOES 1-10 and each of them, fraudulent misrepresentations and otherwise wrongful conduct(s) and/or act(s), as alleged herein, Plaintiff is entitled to those damages, monetary or otherwise according to proof.

246. By reason of the fraudulent and otherwise wrongful manner in which the Defendant Bank as a FHA Lender, and other DOE defendants, and DOES 1-10, and each of them (collectively herein referred to as "Defendants"), or any of them, obtained their alleged right, claim or interest in and to the property, the Defendant and DOES 1-10, and each of them, have no legal or equitable right, claim or interest therein, but, instead, Defendants, and each of them are involuntary trustees holding said property and profits therefrom in constructive trust for Plaintiff with the duty to convey the same to Plaintiff forthwith.

247. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments,

interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

### (Fraud in the Concealment)
### (Against Defendant Bank, Defendant FHA Appraiser,
### Defendant Danielle Johnson, and DOES 1-10)

248. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

249. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10 (collectively referred herein as "Defendants"), and each of them represented to Plaintiff that the 'subject property', was in fact in full compliance with County and State Codes and Laws, and that .

250. Each and every one of these representations was false, and these Defendants and DOES 1-10, and each of them, knew they were false at the time made.

251. At the time these Defendants and DOES 1-10, made these false representations, they intended that Plaintiff would rely on them and Plaintiff did in fact reasonably rely on them.

252. As a result of this reasonable reliance, Plaintiff has suffered damage both in the form Complaint of the loss of her property, loss of the 'loan' payments the interest therein, loss of the personal property due to the destruction from the mold, and in the form of monetary harm, in an amount to be proven at trial, but in excess of this Court's jurisdiction.

253.  Plaintiff is informed and believe and thereon allege that when said Defendants and DOES 1-10, and each of them, made the representations and/or engaged in the concealment of known facts and/or contradicted their previous representations to Plaintiff as alleged hereinabove, each knew said representations to be false and these false representations, the willful failure to disclose the true facts and information, and the suppression of information relative to the 'sp', as hereinabove alleged, were done by said Defendants, and each of them, with the intent to defraud and deceive Plaintiff and to induce Plaintiff to enter into and execute and/or authorize the execution of the referenced purchase agreement for the 'sp', and to then shield said Defendants from liability for any of said Defendants acts and/or omissions relative to the sale and/or construction of the 'sp'.

254.  Plaintiff is informed and believe and thereon allege that at the time these representations and/or these Defendants' willful failure to disclose and/or these Defendants' suppression of information and/or false statements were/was made as alleged hereinabove, Plaintiff were ignorant of the falsity of these Defendants' representations and were unaware that they were being deceived, and believed the statements  and representations being made by said Defendants' were true and accurate. Plaintiff was also ignorant of the existence of the true facts which were not disclosed and which were willfully suppressed by said Defendants, and Plaintiff was previously unaware of the true facts and/or true condition of the 'sp' prior to the sale and/or signing of the contract, and the purchase price of the 'sp', including but not limited to those representations upon which Plaintiff relied, that said Defendants were not fully complying with the various FHA and/or HUD mandatory requirements

pursuant to the "handbook' and/or 'program rules' or 'rules'), prior to the contractual agreement and/or purchase, and the closing of 'escrow', nor disclosing the fact that the sellers has not hired licensed contractors and/or complied with the various County and State Codes and/or Laws.

255. Had Plaintiff been aware of the falsity of the Defendants' and DOES 1-10 representations made to induce Plaintiff to enter into the aforesaid purchase agreement and/or contract, and had Plaintiff been aware of the existence of the those relevant facts not disclosed by said Defendants, and each of them, as well as the omitted facts, Plaintiff would not have entered into the purchase agreements for the 'sp' and would not have paid monies for substantial deposit, and/or entered into a loan and/or mortgage.

256. Plaintiff reasonably relied upon the true and factual representations of said Defendants and DOES 1-10, and each of them, and believed same to be true and accurate based on the overwhelming body of information provided to Plaintiff by the Defendants, especially for a 'first-time' home purchaser, unbeknownst by the Plaintiff prior to their execution of the purchase agreement and/or contract, fueled by the Defendants' themselves and the elaborate efforts engaged in by the Defendants in their various deceit and/or misrepresentations regarding the 'sp'.

257. Plaintiff is informed and believe and thereon allege that an examination of the materials provided, distorted facts, and/or omitted facts, to the Plaintiff as well as the 'sp', would not and did not reveal the true facts suppressed by said Defendants and specifically of which contradicts the true position and/or circumstances of Defendants and their rules regarding the 'sp' as loans, developers and builders thereof.

258. Plaintiff is informed and believe and thereon allege that said Defendants and DOES 1-10, and each of them, had taken measures to conceal or otherwise suppress the true facts prior to the Plaintiff entering into the above-referenced purchase agreement. Had Plaintiff known the true facts, Plaintiff would never had entered into the purchase agreement and/or contract with respect to the 'sp'.

259. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused these Defendants and DOES 1-10 and each of them, to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

260. As a direct and proximate result of said Defendants' and DOES 1-10 conduct(s) and/or actions, the Plaintiff has sustained damage in the form of pecuniary loss, shame, embarrassment, and emotional upset, all of which has caused and continues to cause Plaintiff great mental, physical, and nervous pain and suffering, all to the general damage of the Plaintiff, including incurred attorney's fees, costs, and other general and special damages in an amount according to proof.

261. As a further direct and proximate result of said Defendants' and DOES 1-10 conduct(s) and/or actions, Plaintiff has incurred attorney's fees, costs, and other general and special damages in an amount according to proof.

262. In doing the acts alleged here, these Defendants and DOES 1-10, and each of them, acted with malice, oppression, and fraud (as defined under Civ. Code § 3294(c)), thereby warranting the award of punitive damages against them.

### TWELFTH CAUSE OF ACTION
**(Fraudulent Inducement to Enter Contract)**
**(Against Defendant Bank and DOES 1-10)**

263.  Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

264.  Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank and DOES 1-10 (collectively "Defendants"), with the intent to defraud Plaintiff, and in an effort to induce the Plaintiff to enter into the agreement for the purchase of the 'sp', as identified hereinabove, acted to deceive the Plaintiff in the manner and by the misrepresentations and statements which are identified and set forth hereinabove, and which are incorporated herein by reference. Said representations included, but were not limited to the matters previously alleged hereinabove in the previous paragraphs of this Complaint.

265.  Plaintiff is informed and believe, and based thereon allege, and contends that these representations were false, and were made and/or authorized to be made by the Defendant Bank and DOES 1-10, their principals, agents and/or employees, and/or were ratified and/or adopted by the Defendants, their principals, agents and/or employees with the intent to deceive the Plaintiff and with the purpose of inducing Plaintiff to enter into the purchase agreement as alleged herein, even though Defendants knew the representations to be false.

266.  Plaintiff is informed and believe and thereon allege that when said Defendant Bank and DOES 1-10, made the representations and/or engaged in the concealment of known facts and/or contradicted their previous representations to Plaintiff as alleged hereinabove, each knew said representations to be false and these false representations, the willful failure to disclose the true facts and information, and the suppression of information relative to the 'sp', as hereinabove alleged, were done by said Defendants,

CIVIL COMPLAINT

and each of them, with the intent to defraud and deceive Plaintiff and to induce Plaintiff to enter into and execute and/or authorize the execution of the referenced purchase agreement for the 'sp', and to then shield said Defendants from liability for any of said Defendants acts and/or omissions relative to the sale and/or construction of the 'sp'.

267. Plaintiff is informed and believe and thereon allege that at the time these representations and/or the Defendant Bank and DOES 1-10 willful failure to disclose and/or Defendant's suppression of information and/or false statements were/was made as alleged hereinabove, Plaintiff were ignorant of the falsity of Defendants' representations and were unaware that they were being deceived, and believed the statements and representations being made by said Defendants' were true and accurate. Plaintiff was also ignorant of the existence of the true facts which were not disclosed and which were willfully suppressed by said Defendants, and Plaintiff was previously unaware of the true facts and/or true condition of the 'sp' prior to the sale and/or signing of the contract, and the purchase price of the 'sp', including but not limited to those representations upon which Plaintiff relied, that said Defendants were not fully complying with the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules'), prior to the contractual agreement and/or purchase, and the closing of 'escrow', nor disclosing the fact that the sellers has not hired licensed contractors and/or complied with the various County and State Codes and/or Laws.

268. Had Plaintiff been aware of the falsity of the Defendants' representations made to induce Plaintiff to enter into the aforesaid purchase agreement and/or contract, and had

Plaintiff been aware of the existence of the those relevant facts not disclosed by said Defendants, and each of them, as well as the omitted facts, Plaintiff would not have entered into the purchase agreements for the 'sp' and would not have paid monies for substantial deposit, and/or entered into a loan and/or mortgage.

269. Plaintiff reasonably relied upon the true and factual representations of said Defendant Bank and DOES 1-10, and each of them, and believed same to be true and accurate based on the overwhelming body of information provided to Plaintiff by the Defendants, especially for a 'first-time' home purchaser, unbeknownst by the Plaintiff prior to their execution of the purchase agreement and/or contract, fueled by the Defendants' themselves and the elaborate efforts engaged in by the Defendants in their various deceit and/or misrepresentations regarding the 'sp'.

270. Plaintiff is informed and believe and thereon allege that an examination of the materials provided, distorted facts, and/or omitted facts, to the Plaintiff as well as the 'sp', would not and did not reveal the true facts suppressed by said Defendants and specifically of which contradicts the true position and/or circumstances of Defendants and their rules regarding the 'sp' as loans, developers and builders thereof.

271. Plaintiff is informed and believes and thereon allege that said Defendants and DOES 1-10, had taken measures to conceal or otherwise suppress the true facts prior to the Plaintiff entering into the above-referenced purchase agreement. Had Plaintiff known the true facts, Plaintiff would never had entered into the purchase agreement and/or contract with respect to the 'sp'.

272. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused the Defendant

Bank and DOES 1-10, to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

273.  As a direct and proximate result of said Defendants' and DOES 1-10 conduct(s) and/or action(s), the Plaintiff has sustained damage in the form of pecuniary loss, shame, embarrassment, and emotional upset, all of which has caused and continues to cause Plaintiff great mental, physical, and nervous pain and suffering, all to the general damage of the Plaintiff, including incurred attorney's fees, costs, and other general and special damages in an amount according to proof.

274.  As a further direct and proximate result of said Defendants' conduct, Plaintiff has incurred attorney's fees, costs, and other general and special damages in an amount according to proof.

275.  In doing the acts alleged herein, said Defendant Bank and DOES 1-10, and each of them, acted with oppression, fraud and malice. Said Defendant Bank and DOES 1-10 and each of them, were aware of the true facts concerning the interests of the principal parties and/or the falsity of their claims as loan parties, appraisers, and/or developer, the true participation of their respective roles in the 'sp', and all other matters relative to and effecting the value and viability of the 'sp'.  Said Defendants failed to disclose and concealed the true facts to the Plaintiff.  In both concealing and/or failing to disclose the true facts as known to the Defendants, said Defendants acted with oppression, fraud, and malice under California Civil Code § 3294, and in conscious disregard for the rights of Plaintiff.  Thus, Plaintiff is entitled to an award of exemplary damages in an amount sufficient to punish and set an example of said

defendants, and each of them, in addition to general and special damages, according to proof.

276. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

## THIRTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional and Physical Distress – Direct Victim)
### (Against All Defendants and DOES 1-10)

277. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

278. Plaintiff is informed and believe, and based thereon allege, and contends that the various Defendants, including but not limited to the Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant Danielle Johnson, and other DOE defendants and/or DOES 1-10, and each of them (collectively Defendants), acts of breach, various violation as identified herein, Negligence, Fraud, 'false promise' and inducement are all actions which have been extreme and outrageous conducts.

279. Plaintiff is informed and believe, and based thereon allege, and contends that these various outrageous conduct actions and/or acts, were done with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

280. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused these

Defendants to deplete the Plaintiff's various saving and funds in an amount to be
determined at trial.

281. As a direct result of these Defendants' extreme and outrageous conduct(s) as
identified herein, Plaintiff has suffered severe and extreme emotional and physical
distress, including but not limited to mental, physical, and emotional pain and
suffering, in an amount according to proof at trial.

282. Plaintiff is informed and believe, and based thereon allege, and contends that the
Plaintiff would not have incurred the various losses and/or damages but for the
Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants,
including but not limited to the loss of interest 'mortgage' and/or 'loan' payments,
interest payments, and/or cost of this litigation, including attorney's fee's, in an
amount to be determined at trial.

### FOURTEENTH CAUSE OF ACTION
#### (False Promise)
#### (Against Defendant Bank, Defendant FHA Appraiser,
#### Defendant Danielle Johnson and DOES 1-10)

283. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation
set forth in all above paragraphs of this action, as if set forth herein at length.

284. Plaintiff is informed and believe, and based thereon allege, and contends that the
various Defendant Bank as a FHA Lender, Defendant FHA Appraiser, Defendant
Danielle Johnson, and other DOE defendants,  and/or DOES 1-10, and each of them
(collectively herein referred to as "Defendants"), all made agreement and/or promise
(as identified herein), including but not limited to the fact that the purchase 'sp', loan,
and/or 'mortgage' by the Plaintiff, was based on the fact that there was a mandatory

and/or legal commitment that the 'sp' was in full compliance with the various County and State Laws, including with the FHA and/or HUD mandatory requirements in regards to the HUD and/or FHA 'single-family' policy ('handbook'), and/or 'Program Rules', as identified herein.

285. Under the terms of the contract and/or agreements (i.e. 'promise'), made in with the representation of complying with the various County and State Laws and/or committing with the purported FHA and/or HUD mandatory requirements, in regards to the HUD and/or FHA 'single-family' policy ('handbook'), and/or 'Program Rules', all of these Defendants and/or DOES 1-10, all violated their promise, their agreement and/or contract, and the various breach of their prescriptive duty.

286. Plaintiff is informed and believe, and based thereon allege, and contends that that these Defendants and DOES 1-10, all breached their duty, when they failed in the representation to comply with FHA and/or HUD mandatory requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

287. Plaintiff is informed and believe, and based thereon allege, and contends that these Defendants and/or DOES 1-10, all breached their duty with its obligation(s), by failing to comply with the various FHA and/or HUD requirements (pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, as identified in part herein.

288. Plaintiff is informed and believe, and based thereon allege, and contends that these Defendant Bank and DOES 1-10, with the intent to defraud and/or make a 'false promise' to Plaintiff, and in an effort to induce the Plaintiff to enter into the agreement

for the purchase of the 'sp', as identified hereinabove, acted to deceive the Plaintiff in the manner and by the misrepresentations and statements which are identified and set forth hereinabove, and which are incorporated herein by reference. Said representations included, but were not limited to the matters previously alleged hereinabove in the previous paragraphs of this Complaint.

289. Plaintiff is informed and believe, and based thereon allege, and contends that at all times relevant hereto, when the Defendant Bank, Defendant FHA Appraiser, Defendant Danielle Johnson, and DOES 1-10 (collectively "Defendants") made the misrepresentations to Plaintiff, and the Defendants had no reasonable basis for believing these matters to be true, and the Defendants acted in a negligent manner and below the standard of care for licensed professionals, acting in similar circumstances.

290. Plaintiff is informed and believe and thereon allege that at the time these representations and/or these various Defendants' and DOES 1-10 and each of them, willful failure to disclose and/or Defendants' suppression of information and/or false statements were/was made as alleged hereinabove, Plaintiff were ignorant of the falsity of defendants' representations and were unaware that they were being deceived, and believed the statements and representations being made by said Defendants' were true and accurate.

291. Plaintiff is informed and believe, and based thereon allege, and contends that these various Defendants and DOES 1-10, and each of them, were aware of the true facts concerning the interests of the principal parties and/or the falsity of their claims as loan parties, appraisers, and/or developer, the true participation of their respective roles in the 'sp', and all other matters relative to and effecting the value and viability

of the 'sp'. Said Defendants failed to disclose and concealed the true facts to the Plaintiff.

292. However, these various Defendants never intended to perform these promises, despite the fact that they knew and intended that plaintiffs would rely on them.

293. Plaintiff reasonably relied on these various Defendants' false promise, agreements, and/or contracts. When these various Defendants did not perform as promised, Plaintiff suffered damage both in the form of the loss of the 'subject property', ongoing damages and in the form of monetary harm, and those other damages, including exemplary damages, all in an amount to be proven at trial, but in excess of this Court's jurisdiction.

294. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused these Defendants and DOES 1-10, to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

295. In doing the acts alleged here, these various Defendants and DOES 1-10, various acts and/or acted with malice, oppression, and fraud (as defined under Civ. Code § 3294(c)), thereby warranting the award of punitive damages against them.

296. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

CIVIL COMPLAINT

### FIFTEENTH CAUSE OF ACTION

**(Declaratory Relief)**

**(Against Defendant Bank and DOES 1-10)**

297. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

298. Plaintiff is informed and believe, and based thereon allege, and contends that a dispute has arisen between Plaintiff and the Defendant Bank over the contact and/or agreements, the breach therein, and the various violations and/or purported fraud or misrepresentation as discussed above herein.

299. Plaintiff is informed and believe, and based thereon allege, and contends that an actual controversy has arisen and now exists between Plaintiff and the Defendant Bank and DOES 1-10, and each of them, concerning the 'sp', the various legal issues as identified herein, and including but not limited to the facts, information, and agreements regarding the conditions and/or legal compliance of the 'sp' pursuant to the structural and/or conditions of County, State, and/or Federal Codes, Statues, and/or Laws.

300. Plaintiff is informed and believe, and based thereon allege, and contends that an actual controversy has arisen and now exists between Plaintiff and the Defendant Bank and DOES 1-10, and each of them, concerning their respective duties, obligations, and/or rights, concerning the 'sp'.

301. Accordingly, Plaintiff demand a declaration and/or judicial determination of the rights of each party with regard to said contract, breach of duty, the various violations, negligence, and/or fraud or misrepresentations, and/or omissions of the FHA and/or

HUD 'requirement', as a condition of the contract and/or purchase of the 'sp', as identified herein in this Complaint.

302.  Plaintiff is informed and believe, and based thereon allege, and contends that the various act(s) and/or action(s) by the Defendant Bank and DOES 1-10 and each of them, have caused breach of the 'contract' and/or 'agreements' from the various legal issues and/or violations as identified herein, including but not limited to the 'fraud' and/or misrepresentation and/or omissions of the FHA and/or HUD 'requirement', as a condition of the contract and/or purchase of the 'sp', as identified herein in this Complaint.

303.  Plaintiff seeks a declaration that the Defendant Bank did **not** comply with the FHA and/or HUD 'requirements' as was its obligation, and to investigate that the 'sp' meet all of the State and Federal Codes, Statues, and/or Laws, prior to entering into a contract, sale, and/or mortgage with the Plaintiff.

304.  Accordingly, the Plaintiff is entitled to a declaration that it is not obligated to pay for the 'mortgage' and/or 'loan' for the 'sp', in connection with any all and all claims stemming from the various act(s) and/or actions by these various Defendants and DOES 1-10.

305.  Plaintiff is entitled to a declaration that, the Plaintiff is entitlement to reimbursement in full of all of the 'mortgage' and/or 'loan' payments made to the Defendant Bank, including the interest payment according to proof.

306.  Plaintiff is entitles to a declaration that the 'contract' and/or 'agreement' (collectively referred to as 'policy') made with the Defendant Bank that was issues and secured by the "Deed of Trust" of the 'sp', was issued in reliance upon material

misrepresentations and/or omissions of fact and that, consequently, Plaintiff is entitled to rescind the 'policy' as void *ab initio*.

307. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

308. Plaintiff has no adequate remedy at law for the injuries currently being suffered and that are being threatened to the present day.  It will be impossible for Plaintiff to determine the precise amount of damage that she will suffer if Defendant Bank and DOES 1-10, and each of them, are not enjoined and/or restrained from monthly 'loan' and/or 'mortgage' payments.

### SIXTEENTH CAUSE OF ACTION
### (RESCISSION)
### (Against Defendant Bank and DOES 1-10)

309. Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

310. Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank and DOES 1-10, made misrepresentation and/or omissions of material fact, concerning the 'sp' and that the 'sp' qualified for a HUD and/or FHA insured 'loan' and/or mortgage, and that it met all of the mandatory 'requirements' and conditions, a therefore the 'sp' market value was that of $ 605,000.00.

311.  Plaintiff is informed and believe, and based thereon allege, and contends that the Defendant Bank and DOES 1-10, made the foregoing misrepresentations and/or omissions of material fact with the full knowledge and expectation that the Plaintiff would rely on said representations, which were a material and critical part of Plaintiff's consideration of the risk and determination to purchase and/or enter into a contract and/or agreement, and issue a 'mortgage' of which the Plaintiff was obligated to pay monthly.

312.  Plaintiff justifiably relied on these various representations made by Defendant Bank and DOES 1-10, and entered into a contract and/or agreement, and agreed upon a monthly 'mortgage' payment for the 'sp'.

313.  If the true facts had been known, Plaintiff would not have entered into a contract and/or agreement with the Defendant Bank and agreed upon a monthly 'mortgage' payment for the 'sp'.

314.  Therefore, Plaintiff is entitled to a declaration that the Plaintiff's contract and/or agreement (identified as the 'note') and/or the 'Deed of Trust", with the monthly mortgage 'Policy' is rescinded and void *ab initio*. Plaintiff also is entitled to an Order permitting it to return to the Defendant Bank the premium paid in connection with the 'Policy' of the 'sp'.

315.  Plaintiff seeks 'rescission' of the transaction, contract, agreement, and/or 'loan', and the termination of the security interest of Plaintiff's home, the 'sp', that was created under the transaction.

316.  Plaintiff seeks return and/or monetary compensation for any money, including interest paid by Plaintiff to anyone, including the Defendants, in connection with this

transaction.  Thus forfeiture of return of the 'loan' and/or 'mortgage' proceeds, including the interests paid.

317. Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

## SEVENTEENTH CAUSE OF ACTION
### (Preliminary and Permanent Injunction)
### (Against Defendant Bank and DOES 1-10)

318.  Plaintiff DAIGLE re-alleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action, as if set forth herein at length.

319.  Plaintiff is informed and believe, and based thereon allege, and contends that a dispute has arisen between Plaintiff and the Defendant Bank over the contact and/or agreements, the breach therein, and the various violations and/or purported fraud or misrepresentation as discussed above herein.

320.  Plaintiff is informed and believe, and based thereon allege, and contends that an actual controversy has arisen and now exists between Plaintiff and the Defendant Bank and DOES 1-10, and each of them, concerning the 'sp', the various legal issues as identified herein, and including but not limited to the facts, information, and agreements regarding the conditions and/or legal compliance of the 'sp' pursuant to

the structural and/or conditions of County, State, and/or Federal Codes, Statues, and/or Laws.

321.  Plaintiff is informed and believe, and based thereon allege, and contends that an actual controversy has arisen and now exists between Plaintiff and the Defendant Bank and DOES 1-10, and each of them, concerning their respective duties, obligations, and/or rights, concerning the 'sp'.

322.  Plaintiff is informed and believe, and based thereon allege, and contends that the various act(s) and/or action(s) by the Defendant Bank and DOES 1-10 and each of them, have caused breach of the 'contract' and/or 'agreements' from the various legal issues and/or violations as identified herein, including but not limited to the 'fraud' and/or misrepresentation and/or omissions of the FHA and/or HUD 'requirement', as a condition of the contract and/or purchase of the 'sp', as identified herein in this Complaint.

323.  Plaintiff seeks a declaration that the Defendant Bank did **not** comply with the FHA and/or HUD 'requirements' as was its obligation, and to investigate that the 'sp' meet all of the State and Federal Codes, Statues, and/or Laws, prior to entering into a contract, sale, and/or mortgage with the Plaintiff.

324.  Accordingly, the Plaintiff is entitled to a declaration that it is not obligated to pay for the 'mortgage' and/or 'loan' for the 'sp', in connection with any all and all claims stemming from the various act(s) and/or actions by these various Defendants and DOES 1-10.

325.  Plaintiff is entitled to a declaration that, the Plaintiff is entitlement to reimbursement in full of all of the 'mortgage' and/or 'loan' payments made to the Defendant Bank, including the interest payment according to proof.

326.  Plaintiff is entitles to a declaration that the 'contract' and/or 'agreement' (collectively referred to as 'policy') made with the Defendant Bank that was issues and secured by the "Deed of Trust" of the 'sp', was issued in reliance upon material misrepresentations and/or omissions of fact and that, consequently, Plaintiff is entitled to rescind the 'policy' as void *ab initio*.

327.  Plaintiff is informed and believe, and based thereon allege, and contends that the Plaintiff would not have incurred the various losses and/or damages but for the Defendant Bank as FHA Lender , FHA appraiser, and/or other DOE defendants, including but not limited to the loss of interest 'mortgage' and/or 'loan' payments, interest payments, and/or cost of this litigation, including attorney's fee's, in an amount to be determined at trial.

328.  Plaintiff has no adequate remedy at law for the injuries currently being suffered and that are being threatened to the present day.  It will be impossible for Plaintiff to determine the precise amount of damage that she will suffer if Defendant Bank and DOES 1-10, and each of them, are not enjoined and/or restrained from monthly 'loan' and/or 'mortgage' payments in order to reduce the ongoing losses for the Plaintiff.

329.  Plaintiff is informed, believes, and herein alleges that due to the dispute as to the rights and interests of the parties to the 'sp', Plaintiff requests that the Court declare the rights of the parties in this matter.  Plaintiff requests that the Court enforce these rights with the issuance of injunction or restraining order as may be necessary to place

the parties in their proper position with respect to their interests, if any, in the 'sp', including but not limited to a 'stay' monthly 'loan' and/or 'mortgage' payments in order to reduce the ongoing losses for the Plaintiff.

330. Plaintiff further contends Defendant Bank and DOES 1-10, action(s) and or activities have and will cause ongoing losses and/or damages to Plaintiff, if an injunction is not granted.

331. Since these Defendants and DOES 1-10, and each of them, various acts and/or actions have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless these Defendants, and DOES 1-10, and each of them, are restrained and enjoined from continuing to engage in such wrongful conduct(s) as identified herein, including but not limited to the ongoing financial losses by the Plaintiff due to the monthly 'loan' payments for the 'sp'.

332. Additionally, Plaintiff's detrimental reliance on the various material facts, agreement, contract, promises, and/or various representation(s) caused these Defendants to deplete the Plaintiff's various saving and funds in an amount to be determined at trial.

333. These actions on behalf of Defendants' and DOES 1-10, and each of them, are wrongful and should be enjoined that they have caused, and continue to cause, Plaintiff great and irreparable injury, damages in amount of at least $ 1,000,000.00, to be proven at trial.

334.  Plaintiff has no other plain, speedy or adequate remedy at law, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DAIGLE prays for judgment against all of the Defendants and DOES 1-10 and each of them, jointly and severely, as follows :

18.  For the Court to enter a Judgement in Plaintiff's favor on all cause of action ;

19.  Declaring Defendants and each of them, liable for each cause of action as stated, and under common law, including sanctions pursuant to statues ;

20.  For award for the current value of the 'sp' and of any profits so accounted for, plus interest compounded annually since the signing of the 'loan' ;

21.  For compensatory damages arising out of Defendants various malicious and wrongful acts (unlawful or otherwise), in omitting facts that lead to Plaintiff ongoing damages and losses ;

22.  For compensatory damages pursuant to California Civil Code section 3355 in an amount according to proof ;

23.  For an award and/or compensation to Plaintiff for actual damages ;

24.  For equitable relief in the nature of disgorgement, and restitution, and creation of a construction trust to remedy Defendant's unjust enrichment ;

25.  The Defendants disgorge all profits derived from their wrongful conduct(s) and/or actions;

26.  For the Court to rescind the contract, agreement, and/or transaction (also referred to as "note", "loan", "mortgage", 'policy', and/or 'transaction') ;

27. For a declaration that the Plaintiff's contract and/or agreement (identified as the 'note') and/or the 'Deed of Trust', with the monthly mortgage 'Policy' is rescinded and void *ab initio*. Plaintiff also is entitled to an Order permitting it to return to the Defendant Bank the premium paid in connection with the 'Policy' of the 'sp'. As such declare the "Note" and "Deed of Trust" recorded against the 'sp' is void ;

28. For compensation and/or a declaration that the 'contract' and/or 'agreement' (collectively referred to as 'policy') made with the Defendant Bank that was issues and secured by the "Deed of Trust" of the 'sp', was issued in reliance upon material misrepresentations and/or omissions of fact and that, consequently, Plaintiff is entitled to rescind the 'policy' as void *ab initio* ;

29. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction ;

30. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property; 7. Award the Plaintiff statutory damages for the disclosure violations, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640 ;

31. For compensation and/or a declaration that it is not obligated to pay for the 'mortgage' and/or 'loan' for the 'sp', in connection with any all and all claims stemming from the various act(s) and/or actions by these various Defendants and DOES 1-10 ;

CIVIL COMPLAINT

32. For compensation and/or a declaration that there is an entitlement to reimbursement in full of all of the 'mortgage' and/or 'loan' payments made to the Defendant Bank, including the interest payment according to proof ;

33. For a 'Stay' of the monthly 'mortgage' payments of the 'sp' as identified in the recorded Deed of Trust, to reduce ongoing monthly losses, until the final judgement in this case ;

34. For a Declaratory Relief and Injunction, that the Plaintiff be relieved from monthly 'loan' and/or 'mortgage' payments to the Defendant Bank ;

35. For a declaration that Defendant(s) and DOES 1-10, hold the 'loan' payments, with interest and/or the 'sp' as a constructive trustees for the benefit of the Plaintiff ;

36. For recovery from Defendant  Bank and DOES 1-10, the damages Plaintiff has sustained and will sustain, treble pursuant to 15 U.S.C. § 1117(a), and any and all gains, direct and indirect profits and advantages obtained by Defendants as a result of Defendants' violation of 15 U.S.C. § 1125.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but are believed to exceed $ 1,000,000.00 ;

37. For further statutory exemplary and/or punitive damages, pursuant to the Defendants willful acts of breach of contract, breach of fiduciary duty, violation of interstate land sale and full disclosure and/or with the various FHA and/or HUD mandatory requirements pursuant to the "handbook' and/or 'program rules' or 'rules') and/or its origination, underwriting, endorsement, quality control, and/or other requirements, and guidelines and/or violation of provisions of the False Claims Act (collectively referred to as 'violations') as described herein ;

38. For pre-judgement interest from the signing of the 'loan' regarding the 'sp' ;

39. For interest at the maximum legal rate, pursuant to Federal Law ;

40. For an Order that the Defendants be required to pay Plaintiff :  Such damages as Plaintiff has sustained and will sustain, treble pursuant to 15 U.S.C. § 1117(a), and any and all gains, direct and indirect profits and advantages obtained by Defendants as a result of Defendants' violation of 15 U.S.C. §§ 1114 and 1125.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to exceed $ 1,000,000.00 ;

41. For all reasonable attorney's fees and costs incurred herein, pursuant to statue, including but not limited to U.S.C. § 1640 ;

42. Pursuant to Business and Professions Code § 17203, that All Defendants', their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of § 17200, including, but not limited to, the violations alleged herein ;

43. For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorney's fees according to proof ;

44. For an interest calculated at the maximum amount allowable by law, including pre- and post-judgment interest, at the legal rate of 10%, of the damages caused to Plaintiff ;

45. For ALL Statutory Damages as required by California and Federal Laws;

46. For punitive and or exemplary damages in amount of at least $ 1, 000,000.00, according to proof at trial ;

47. For an Order that the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts and/or actions directly and or indirectly ;

48. For injunctive relief against Defendants to prevent future wrongful conduct;

CIVIL COMPLAINT

49. For an injunction and/or 'stay' monthly 'loan' and/or 'mortgage' payments, in order to reduce the ongoing losses for the Plaintiff ; and

50. For the Court to grant such other, further, and different relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Civil Procedure, on all claims for relief.

Date : January 25, 2021

_____
Vasumathi Vijayraghavan
Counsel for Plaintiff, Nancy Daigle

CIVIL COMPLAINT